■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BREINDEL, Appellant.— Judgment of conviction, Supreme Court, New York County, rendered October 1, 1973, unanimously affirmed. *People* v. *Einhorn* (45 A D 2d 75) is clearly distinguishable. In *People* v. *Einhorn* as in *Matter of Persico* (491 F. 2d 1156), the witness refused to answer the questions propounded to him on the ground that they were the product of illegal electronic surveillance. In the instant case, the witness refused to answer the questions put to him, after consultation with his attorney, with the statement: "I take the 5th Amendment." At no time did he refuse to answer, as did the defendant in *Einhorn* or in *Persico,* on the ground of illegal electronic surveillance. The holding in *Einhorn* should be limited to its own facts. In the absence of objection to the questions on the ground of illegal electronic surveillance, a witness who has been given immunity may not refuse to answer questions. Concur — Markewich, J. P., Nunez, Kupferman, Tilzer and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE PATTERSON, Appellant.— Judgment, Supreme Court, Bronx County, rendered on August 8, 1972, upon a jury verdict convicting defendant of robbery (first degree) two counts, grand larceny third degree, and possession of a weapon as a misdemeanor, and sentencing him to two concurrent terms of 4 to 12 years, unanimously affirmed. In affirming the judgment of conviction we do not approve of parts of the cross-examination of the defendant nor the court's failure to ascertain the good faith of the examiner. In view, however, of the overwhelming proof of guilt we do not deem those errors to have been prejudicial. Concur — Nunez, J. P., Kupferman, Steuer, Capozzoli and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON SPIEGEL, Appellant.— Judgment, Supreme Court, New York County, rendered on December 14, 1973, *nunc pro tunc* as of October 11, 1973, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). No opinion. Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Capozzoli, JJ.