**UNITED STATES of America, Appellee,**

v.

**Clara NEMES, Defendant-Appellant.**

**No. 926, Docket 76–1584.**

United States Court of Appeals,
Second Circuit.

Argued March 28, 1977.

Decided May 16, 1977.

Robert Polstein, New York City (Gary P. Naftalis, Harold B. Tevelowitz, Orans, Elsen & Polstein, New York City, on the brief), for defendant-appellant.

Lee S. Richards, Asst. U.S. Atty. (Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., Jeffrey E. Livingston, George Wilson, Frederick T. Davis, Asst. U. S. Attys., New York City, on the brief), for appellee.

Before GURFEIN and MESKILL, Circuit Judges, and NEWMAN, District Judge.*

NEWMAN, District Judge:

This appeal involves the federal prosecution of a defendant who had previously testified under a grant of state immunity, thereby acquiring the equivalent of use immunity in relation to the federal prosecution. The principal issue is whether the Government satisfies its burden of showing that its evidence has been derived from sources independent of the immunized testimony simply by denying that federal officials have seen or used the immunized testimony. We hold that such a denial is insufficient.

Appellant Clara Nemes was charged in a federal indictment with conspiring to defraud the United States by submitting and causing the submission of false cost reports in 1971–73 for Medicare and Medicaid payments to a nursing home, in violation of 18 U.S.C. § 371. Nemes was the office manager and bookkeeper for the Sprain Brook Manor Nursing Home in Scarsdale, New York. Her co-defendant, when trial began, was Manlio Severino, who managed the home for three members of his family who owned the home. Severino suffered a stroke during the trial, his case was severed, and he subsequently pled guilty to a superseding information. Nemes' trial continued before Judge Inzer Wyatt and a jury, and she was convicted.

■ On appeal, in addition to the use immunity issue, Nemes challenges the sufficiency of the evidence, the admission of some post-1973 transactions, the Court's charge on the issue of intent, and the prosecutor's summation. These four claims are without merit. The evidence showed that Nemes' role far exceeded that of an unwitting scrivener of numbers. Her knowledgeable participation in transactions contributing to the fraud was sufficiently established. The post-1973 matters were properly admitted in the trial court's discretion to show the relationship between Nemes and Severino and the knowledge and intent with which she handled fraudulent aspects of the Nursing Home's transactions. Fed. R.Evid. 404(b). While the court's charge omitted some traditional formulations of the element of specific intent, taken as a whole it sufficiently focused the jury's attention on the requisite state of mind to support a conviction, especially in view of the absence of a timely submission of defendant's preferred language. The prosecutor's summation contained nothing warranting reversal, particularly in the absence

* United States District Judge for the District of Connecticut, sitting by designation.

of objection at trial, which might well have prompted a clarification by the prosecutor or caution by the court to dispel the arguably unfair inferences now complained of on appeal.

We turn then to the immunity issue. Under New York law, CPL § 190.40,[1] a witness called before a grand jury is required to give the evidence legally requested of him despite the risk of self-incrimination. In return for his testimony, and with only three qualifications,[2] the witness automatically receives immunity, without the need for a court order specifically conferring immunity after invocation of the privilege against self-incrimination. Compare 18 U.S.C. § 6001 *et seq.* The statute does not, by its terms, specify whether it confers transactional immunity, *i. e.,* immunity from prosecution on any charges related to the witness's testimony, or use immunity, *i. e.,* immunity precluding the use against the witness of his testimony and any evidence derived from his testimony. As against the authority of New York, the state courts have construed it to confer complete transactional immunity. See, *e. g., People v. Breindel,* 73 Misc.2d 734, 342 N.Y.S.2d 428, *aff'd,* 45 A.D.2d 691, 356 N.Y.S.2d 626, *aff'd,* 35 N.Y.2d 928, 365 N.Y.S.2d 163, 324 N.E.2d 545 (1973). See also *Gold v. Menna,* 25 N.Y.2d 475, 307 N.Y.S.2d 33, 255 N.E.2d 235 (1969), and cases cited therein construing the predecessor statute to § 190.40, CPL § 619–d(2). As against the authority of the United States, however, this grant of state immunity and the implications of the Fifth Amendment provide the witness only with use immunity. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *Murphy v. Waterfront Commission,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

The immunity issue was raised initially in this case in a pre-trial motion filed by co-defendant Severino. Severino contended that certain records that he had furnished to state investigators had been delivered illegally to federal authorities. Additionally, Severino moved for dismissal of the indictment on the ground that his testimony before a New York grand jury entitled him to immunity from both state and federal prosecution.

Nemes also sought dismissal in a motion incorporating several of Severino's claims and alleging that she had "received immunity from prosecution pursuant to New York's C.P.L. § 190.40 and as such is immune from prosecution of this indictment." In opposing Nemes' motion, the Assistant United States Attorney filed his affidavit, asserting that "we have not seen or used her testimony before the state grand jury or to any state investigator." At oral argument on the motions, Nemes' counsel represented that his client had testified before the Westchester and Putnam County Grand Juries, not as a custodian of records, but pursuant to a subpoena "for her testimony in substance." Counsel also alleged that the "substance" of the state grand juries was "absolutely parallel with the situation before the [federal] Court." At another point he told Judge Wyatt that Nemes "has received immunity and therefore the indictment is dismissible on those grounds."

As the Government now contends, defendant's counsel did not make clear wheth-

---

1. CPL § 190.40 provides that

   1. Every witness in a grand jury proceeding must give any evidence legally requested of him regardless of any protest or belief on his part that it may tend to incriminate him.
   2. A witness who gives evidence in a grand jury proceeding receives immunity unless:

   (a) He has effectively waived such immunity pursuant to section 190.45; or
   (b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive.

   (c) The evidence given by the witness consists only of books, papers, records or other physical evidence of an enterprise, as defined in subdivision one of section 175.00 of the penal law, the production of which is required by a subpoena duces tecum, and the witness does not possess a privilege against self-incrimination with respect to the production of such evidence. Any further evidence given by the witness entitles the witness to immunity except as provided in subdivisions (a) and (b) of this section.

2. *See* CPL 190.40 (sub. 2).

er he was contending that Nemes' appearance before the state grand juries gave her transactional immunity against federal prosecution on any related charges or only use immunity precluding the federal prosecutors from using her testimony and any evidence derived from it. In the Government's view, defense counsel was claiming only transactional immunity and not asserting that the evidence used to obtain the indictment was tainted by direct or derivative use of immunized testimony.[3]

Had Judge Wyatt rejected Nemes' motion on the grounds that transactional immunity had not been conferred and that no sufficient claim had been made to trigger the Government's obligation to establish observance of use immunity, the specificity of defense counsel's claim would be a fair question. Surely it is not a difficult task for defense counsel to demonstrate that the defendant "has testified, under a state grant of immunity, to matters related to the federal prosecution . . . ." *Murphy v. Waterfront Commission, supra,* 378 U.S. at 79 n.18, 84 S.Ct. at 1609. Submission of an affidavit identifying the subjects discussed or, where possible, submission of the witness's grand jury testimony should normally suffice.

However inartistically the immunity issue was urged upon the trial court, the record indicates that Judge Wyatt was sufficiently alerted to a use immunity contention that he pursued the matter with Government counsel and ruled against the contention on its merits. Judge Wyatt asked Assistant United States Attorney Wilson, "If she testifies before a grand jury and therefore gets immunity, don't you have to respect that immunity?" Since Nemes' testimony could not have resulted in transactional immunity against federal prosecution, this inquiry presumably concerned the need to respect use immunity. This inquiry subsequently led to the following colloquy:

Mr. Wilson: The state can't indict her but our grand jury [can,] considering independent evidence we contend [is] not tainted.

The Court: You didn't use any of her testimony?

Mr. Wilson: We did not. . . .

This disclaimer of use by the Government was the basis for Judge Wyatt's denial of Nemes' motion to dismiss on its merits, albeit with some indication of uncertainty as to her precise claim. His opinion states:

If, however, defendant Nemes' claim of immunity is based not only on the production of records (to which that of Manlio Severino is restricted) but on actual testimony in a state proceeding, the government would be barred from making any use of that testimony, but would not be barred from prosecuting her without making any use of it. *United States v. Keilly,* 445 F.2d 1285, 1287 (2d Cir. 1971), *cert. denied,* 406 U.S. 962, 92 S.Ct. 2064, 32 L.Ed.2d 350 (1972). The government here has denied any use, or even receipt, of such testimony as well as any desire to make use of it in the future.

■ The Supreme Court has made clear the nature of the Government's obligation when it prosecutes a witness who has testified on matters related to the federal prosecution under a grant of use immunity conferred pursuant to federal statute, *Kastigar v. United States, supra,* or implied by the Constitution, *Murphy v. Waterfront Commission, supra.* "[T]he federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence." *Id.* 378 U.S. at 79, n.18, 84 S.Ct. at 1609. "This burden of

---

**3.** The Government argues in its brief in this Court that defense counsel "was seeking dismissal of the indictment on the grounds of immunity rather than raising any issue of taint." (Gov't Br. 15). But this is not quite the *pertinent distinction.* If the *indictment had* been obtained by direct or derivative use of immunized testimony, it would have been subject to dismissal. *See United States v. Kurzer,*

534 F.2d 511 (2d Cir. 1976). The distinction is not between a claim for dismissal and an objection to tainted evidence, but rather between a claim for dismissal based on a mistaken view that transactional immunity was acquired and a claim for dismissal based on a correct view that use immunity was acquired and allegedly not observed.

proof, which we reaffirm as appropriate, is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." *Kastigar v. United States, supra,* 406 U.S. at 460, 92 S.Ct. 1653.

▮ Despite the clarity of these instructions, the Government urges that the prosecutor can discharge his burden either by proving independent sources or by proving that he had no direct or indirect access to the grand jury minutes, "thereby proving that his sources could only have been independent . . . ." (Gov't Br. 18). The inference that the prosecutor's lack of access to compelled testimony assures the existence of independent sources cannot be relied upon to afford the witness the full protection the Constitution guarantees. The prosecutor may have never seen the witness's testimony and may believe in good faith that no one associated with the federal prosecution has seen it, but such a disclaimer does not preclude the possibility that someone who has seen the compelled testimony was thereby led to evidence that was furnished to federal investigators. Only by affirmatively proving that his evidence comes from sources independent of the immunized testimony can the prosecutor assure that the witness is in the same position he would have enjoyed had his self-incrimination privilege not been displaced by use immunity. The Government's burden is a "heavy" one, *Kastigar v. United States, supra,* 406 U.S. at 461, 92 S.Ct. 1653, and properly so lest it become the "loose net to trap tainted evidence" of which Mr. Jus-

tice Marshall warned in dissenting as to the constitutionality of use immunity. *Id.* at 467, 469, 92 S.Ct. at 1653.

We have previously indicated the extent of the evidence necessary to satisfy the Government's burden to prove independent sources of its evidence when it prosecutes a witness who has testified under use immunity. *United States v. Bianco,* 534 F.2d 501 (2d Cir. 1976); *United States v. Catalano,* 491 F.2d 268 (2d Cir.), *cert. denied,* 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 48 (1974). See also *United States v. Kurzer,* 534 F.2d 511 (2d Cir. 1976). Plainly the prosecutor's assertion that the immunized testimony was not used is inadequate.

Since the issue of taint was not adequately resolved, the case must be remanded for a further hearing. *United States v. Seiffert,* 463 F.2d 1089, 1092 (5th Cir. 1972); *cf. United States v. McDaniel,* 449 F.2d 832, 841 (8th Cir. 1971). See *United States v. Shotwell Mfg. Co.,* 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957). In view of the ambiguity concerning Nemes' claim, the district judge should first require her to demonstrate that she did in fact testify before the state grand jury under immunity on matters related to the federal prosecution. If satisfied on this score, the district court should then afford the Government an opportunity to demonstrate that the evidence presented to the federal grand jury and to the trial jury[4] was derived from sources wholly independent of Nemes' immunized testimony. If the Government sustains its burden, the judgment of conviction will be reinstated.[5] If not, the district court will either consider the appropriateness of dismissing the indictment[6] or grant

---

**4.** Since the district court accepted the Government's denial of use of Nemes' immunized testimony as a complete answer to her challenge to the indictment, she was not required to renew her objection to all evidence throughout the trial in order to preserve a claim that trial evidence, as distinguished from grand jury evidence, had been derived from her immunized testimony.

**5.** Reinstatement of the judgment of conviction will also occur if Nemes fails to show that she testified before the state grand jury under im-

munity on matters related to the federal prosecution.

**6.** In the absence of a record fully illuminating the issue of whether the evidence presented to the federal grand jury was derived from sources wholly independent of Nemes' immunized testimony, we decline to rule at this stage whether the grand jury use of any tainted evidence invariably requires dismissal. See *United States v. Kurzer, supra; United States v. Dornau,* 491 F.2d 473, 480 n.15 (2d Cir. 1974); see also *United States v. Hinton,* 543 F.2d 1002, 1008 n.7 (2d Cir. 1976).

a new trial, depending on whether the Government fails to prove independent sources for its grand jury evidence or only for its trial evidence.

The judgment of conviction is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.