471 F.Supp. 863 (1979)
Charles BRENNICK, Plaintiff,
v.
Charles J. HYNES, Deputy Attorney General of the State of New York, John Meekins, Special Assistant Attorney General of the State of New York, and Jack J. Pivar, Special Assistant Attorney General of the State of New York, Defendants.
No. 79-CV-154.
United States District Court, N. D. New York.
May 8, 1979.
*864 *865 Charles A. Stillman, New York City, Mead, Begley & Quinlan, Schenectady, N. Y., for plaintiff; Charles A. Stillman, Julian W. Friedman, New York City, William J. Quinlan, Schenectady, N. Y., of counsel.
Charles J. Hynes, Deputy Atty. Gen. of the State of N. Y., New York City, for defendants Hynes, Meekins, and Pivar; Jack J. Pivar, Sp. Asst. Atty. Gen., Albany, N. Y., of counsel.
JAMES T. FOLEY, Chief Judge.

MEMORANDUM-DECISION and ORDER
This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1986 with jurisdiction founded on 28 U.S.C. § 1343. By this action, plaintiff Charles Brennick seeks to enjoin defendants Charles J. Hynes, Deputy Attorney General of the State of New York appointed as Special Prosecutor to investigate and prosecute violations of the criminal law in the nursing home industry ("the Special Prosecutor"), John Meekins, Special Assistant Attorney General in charge of the Special Prosecutor's Albany Regional Office, and Jack J. Pivar, a Special Assistant Attorney General assigned to that office, and those under their control from conducting any further grand jury proceedings directed against the plaintiff and from seeking an indictment against the plaintiff on the basis of grand jury proceedings heretofore conducted.
Plaintiff alleges as a basis for this drastic relief that his right to be free from compulsory self-incrimination as guaranteed by the Fifth Amendment and applicable to the States through the Fourteenth Amendment has been violated by the defendants through impermissible use of his immunized testimony given pursuant to § 7(a)(10) of the Bankruptcy Act, as amended, 11 U.S.C. § 25(a)(10), and that his right to due process of law as guaranteed by the Fourteenth Amendment has been violated by defendants Hynes and Meekins as a result of prosecutorial misconduct.
Now before the Court is plaintiff's motion for a preliminary injunction, Fed.R. Civ.P. 65(a), which seeks the same relief requested in the complaint, and defendants' motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Oral argument was heard on March 19, 1979. The following shall constitute the Court's findings of fact and conclusions of law as required by Rule 52(a), Fed. R.Civ.P.

*866 FACTS
Beginning in early 1975, plaintiff became the subject of an investigation by the office of the Special Prosecutor. Complaint, ¶ 8. Thereafter, in 1976, plaintiff initiated voluntary proceedings for an arrangement under Chapter XII of the Bankruptcy Act in the United States District Court for the District of Massachusetts involving plaintiff personally and various business entities in which he has a proprietary interest. Complaint, ¶ 10; Affidavit of Charles A. Stillman, ¶ 9, filed March 7, 1979. On July 13, 1977, an order, pursuant to Bankruptcy Rule 205(a), was entered requiring plaintiff to appear and be examined by counsel to the Trustee in the bankruptcy proceedings involving plaintiff personally. Affidavit of Charles A. Stillman, ¶ 14, Exhibit A, filed March 7, 1979. This examination was held on July 19 and 20, 1977. Complaint, ¶ 12.
In October of 1977 the Special Prosecutor began presenting evidence to a Grand Jury of the Supreme Court of the State of New York, sitting in and for the County of Albany, concerning the plaintiff's interests in and involvement with various nursing homes, health related facilities, and related business entities within the State of New York. Affidavit of Jack J. Pivar, ¶ 4, filed March 14, 1979. The defendants assert that a majority of the presentation of evidence to this grand jury had been completed by the early fall of 1978. Id. at ¶ 7. Be that as it may, on or about December 19, 1978, defendant Pivar went to Boston, Massachusetts, to examine documents relating to plaintiff's petition filed in the Bankruptcy Court of that district. During the course of this inquiry, Pivar reviewed and copied the testimony of a claimant in those proceedings, who had appeared before the Albany County Grand Jury. Id. at ¶ 9. Moreover, Pivar also read plaintiff's testimony. Id.
Defendant Pivar asserts that he never made a copy of plaintiff's testimony and only cursorily reviewed it with defendant Meekins due to his conclusion that it was irrelevant to their investigation. Affidavit of Jack J. Pivar, ¶¶ 9, 10, filed March 14, 1979; Affidavit of John Meekins, ¶ 4, filed March 26, 1979.
On January 8, 1979, in Albany, New York, defendants Meekins and Pivar met with a member of the law firm representing plaintiff in his bankruptcy proceedings and a member of the law firm representing Trustees in a number of proceedings under the Bankruptcy Act involving entities in which plaintiff has substantial equity interests. During that meeting defendant Pivar discussed, and admitted having read, plaintiff's testimony given in his personal bankruptcy proceedings. Although certain portions of the affidavits submitted by the two attorneys present at this meeting are contradicted and/or explained by defendant Pivar, the defendants have not contested the statement that at no time during the meeting did Meekins or Pivar acknowledge any awareness that plaintiff's bankruptcy testimony was immunized under federal law. See Affidavit of Barry M. Portnoy, filed March 7, 1979; Affidavit of Daniel M. Glosband, filed March 7, 1979.
Apparently, all that remains to be presented to the grand jury is documentary evidence for which subpoenas were served in September of 1978 and which were sub judice in the Third Judicial Department of the Appellate Division of the Supreme Court of the State of New York at the time this action was commenced by virtue of a challenge to them made by the plaintiff. See Affidavit of Jack J. Pivar, ¶ 7, filed March 14, 1979; Plaintiff's Reply Memorandum, at 4, filed March 19, 1979.
Plaintiff maintains that the effect of the defendants' use of his testimony given in the Bankruptcy Court is to deprive him of his right under the Fifth Amendment to be free from compulsory self-incrimination in violation of 42 U.S.C. § 1983 (First Claim For Relief). In response, defendants contend that no use of any kind was made of plaintiff's testimony by the Special Prosecutor's Office. Affidavit of Jack J. Pivar, ¶ 10, filed March 14, 1979.
Furthermore, plaintiff alleges, upon information and belief, that defendants Hynes and Meekins have conspired to influence the Albany County Grand Jury to vote *867 a true bill against the plaintiff and that defendant Meekins and other persons unknown to the plaintiff have threatened and intimidated witnesses before the grand jury and attempted to prejudice the grand jury against the plaintiff thereby depriving plaintiff of his right under the due process clause of the Fourteenth Amendment to have an impartial and unbiased grand jury determine whether he should be indicted in violation of 42 U.S.C. § 1983 (Second Claim For Relief), § 1985(2) (Third Claim For Relief), and § 1986 (Fourth Claim For Relief). It is asserted that witnesses before the grand jury have confided in plaintiff's counsel that they were, among other things, harassed and intimidated by defendant Meekins and others and that the names of these witnesses would be disclosed by plaintiff's counsel in camera if desired by the Court. Complaint, ¶ 18; Reply Affidavit of Charles A. Stillman, ¶¶ 20, 21, filed March 19, 1979.
It is plaintiff's belief that if he is indicted, regardless of the ultimate outcome of the proceedings, arrangements under Chapter XII of the Bankruptcy Act that are pending in the District of Massachusetts, for three New York facilities, in which he has a proprietary interest, would be jeopardized possibly causing him substantial economic loss. See Affidavit of Charles A. Stillman, ¶¶ 11, 12, filed March 7, 1979. Therefore, plaintiff seeks preliminary injunctive relief pending a hearing to be held after plaintiff's attorney has had an opportunity to inspect the transcript of the state grand jury proceedings in question so that the extent of the alleged violations can be ascertained with certainty.

DISCUSSION
A threshold issue that must be determined in this action is whether this Court possesses the judicial power to order the equitable relief requested by the plaintiff in this action. Certainly, the Anti-Injunction Act, 28 U.S.C. § 2283, cannot be said to bar the relief requested herein. See Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). In addition, in my judgment, considerations of federalism and comity underlying the doctrine of equitable restraint as enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, do not preclude the exercise of that power on the facts of this case. The claims and prospective relief that plaintiff requests this Court to act upon are not, in my opinion, such as would interfere with an ongoing criminal prosecution, wherein a person could raise constitutional arguments, so as to cause this Court to refrain from decision. See, e. g., Wooley v. Maynard, 430 U.S. 705, 709-12 & n. 9, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); Doran v. Salem Inn, Inc., 422 U.S. 922, 930-31, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). But see Notey v. Hynes, 418 F.Supp. 1320, 1326 (E.D.N.Y.1976). In my judgment, defendants' reliance on Anonymous v. Association of the Bar, 515 F.2d 427 (2d Cir.), cert. denied, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975), is misplaced. Recognition of Younger abstention when confronted with the unique nature of attorney disciplinary proceedings as supervised by state courts under their inherent and exclusive power to regulate the professional conduct of their own officers, wherein the subject of an investigation and hearing may raise any defense available, is not inconsistent with this Court's belief that the same abstention does not apply to state grand jury proceedings where the target for investigation has no immediate recourse to state courts. See Anderson v. Nemetz, 474 F.2d 814, 818-19 (9th Cir. 1973).
Departing from the issue of federal judicial power at this juncture, see Part B infra, it is uncontested that the compelled testimony given by the plaintiff in the bankruptcy proceedings in the District of Massachusetts is immunized by virtue of § 7(a)(10) of the Bankruptcy Act, as amended, 11 U.S.C. § 25(a)(10), which confers use immunity, and that as a result thereof it cannot be used, directly or indirectly, against him by prosecutorial authorities. See, e.g., New Jersey v. Portash, ___ U.S. ___, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979); Kastigar v. United States, 406 U.S. 441, 92 *868 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); Adams v. Maryland, 347 U.S. 179, 74 S.Ct. 442, 98 L.Ed. 608 (1954); United States v. Coyne, 587 F.2d 111 (2d Cir. 1978). Compare 11 U.S.C. § 344 (effective Oct. 1, 1979). This is so because the Fifth Amendment protects an individual from being compelled to testify against himself. Consequently, for this grant of immunity to be coextensive with the scope of the privilege, use and derivative use of such testimony in any respect in a criminal case, see Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892), is prohibited. Additionally, once the sweeping protection of this privilege is properly called into question, prosecuting authorities must shoulder a heavy burden of affirmatively demonstrating, among other things, that evidence presented in obtaining a criminal conviction comes from wholly independent sources. See, e. g., Kastigar v. United States, supra, 406 U.S. at 460, 92 S.Ct. 1653; United States v. Nemes, 555 F.2d 51, 55 (2d Cir. 1977); Block v. Consino, 535 F.2d 1165, 1169 (9th Cir.), cert. denied, 429 U.S. 861, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); United States v. Kurzer, 534 F.2d 511, 515-17 (2d Cir. 1976).

A
Turning to plaintiff's motion for a preliminary injunction, it is my opinion that such relief cannot be granted on the facts presented. Mindful that a federal court must be extremely cautious before enjoining state prosecutors from investigating and prosecuting criminal violations of state law, see, e. g., Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S.Ct. 492, 70 L.Ed. 927 (1926); Medical Society v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); cf. Atlantic Coast Line R. R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); In re Fried, 161 F.2d 453, 465 (2d Cir.), (L. Hand, J.), cert. dismissed, 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384 (1947), it is my opinion that in the present case such a direction would be inimical to the very basis of this Court's equitable jurisdiction. See generally Younger v. Harris, supra, 401 U.S. at 43-44, 91 S.Ct. 746; Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).
Before granting a request for a preliminary injunction, a court must find that the movant has made a clear showing, see e.g., Dopp v. Franklin National Bank, 461 F.2d 873, 878-80 (2d Cir. 1972), of
possible irreparable injury and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.
Caufield v. Board of Education, 583 F.2d 605, 610 (2d Cir. 1978); Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc., 601 F.2d 48, 58 (2d Cir. 1979). In my judgment, on the record before the Court plaintiff has not made a sufficient showing of entitlement to such relief. It must be emphasized that plaintiff has not yet been indicted. Indeed, plaintiff states that this case is sui generis in that it seeks preindictment relief, but maintains that this fact should not stay the hand of this Court. I disagree.
Although it seems likely that plaintiff is in immediate danger of possibly sustaining some future harm inasmuch as some areas on which the Albany County Grand Jury investigation has focused relate to issues discussed during the course of plaintiff's immunized bankruptcy testimony, see Affidavit of Charles A. Stillman, ¶¶ 14-20, filed March 7, 1979, it is not at all clear that any indictment voted by that grand jury would be tainted in all of its counts. See, e. g., United States v. Dornau, 359 F.Supp. 684, 685-87 (S.D.N.Y.1973), rev'd on other grounds, 491 F.2d 473 (2d Cir.), cert. denied, 419 U.S. 872, 95 S.Ct. 132, 42 L.Ed.2d 111 (1974). Similarly, although plaintiff has demonstrated the possibility of use or derivative use of his immunized testimony by the defendants, compare United States v. Catalano, 491 F.2d 268, 272 (2d Cir.), cert. denied, *869 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 48 (1974), with United States v. McDaniel, 482 F.2d 305, 311-12 (8th Cir. 1973), such a showing is impossible to gauge with regard to any possible indictment that could be returned by the Albany County Grand Jury.
In my judgment, a showing that plaintiff may have been compelled to be a witness against himself in a grand jury proceeding in deprivation of a right guaranteed by the Fifth Amendmentas could support a finding of irreparable injury, see, e.g., Trainor v. Hernandez, 431 U.S. 434, 441-42 & n. 7, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); United States v. Dionisio, 410 U.S. 1, 11, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973)does not necessarily lead to a conclusion that the injunctive relief requested on this motion is mandated. See, e.g., Zicarelli v. New Jersey State Commission of Investigation, 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972); Lawn v. United States, 355 U.S. 339, 348-50, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979 (1919); United States v. Nemes, supra, 555 F.2d at 55 n. 6. Furthermore, plaintiff's allegations of possible irreparable economic harm flowing from a future indictment and probable success on the merits are highly speculative and are an inappropriate basis for the issuance of a preliminary injunction. See, e. g., Jackson Dairy, Inc. v. H. P. Hood & Sons, 596 F.2d 70 (2d Cir. 1979) (per curiam); State of New York v. Nuclear Regulatory Commission, 550 F.2d 745, 755 (2d Cir. 1977); Dopp v. Franklin National Bank, supra.
Under these circumstances, to compel the defendants to come forward and attempt to make the showing required of them under law to uphold their conduct would be unmerited. As to whether the plaintiff has shown probable success on the merits or serious questions going to the merits can only be ascertained once, and if, an indictment is returned against him by the Albany County Grand Jury. Cf. United States v. Rice, 421 F.Supp. 871 (E.D.Ill.1976) (post-indictment prosecution of witness, who was compelled to testify and granted use immunity by federal court, by state prosecutorial authorities permanently enjoined). If the plaintiff is in the future indicted by the Albany County Grand Jury, he will have an opportunity to attack the indictment. To allow such a challenge of indictment at the pre-indictment stage would surely run counter to the public interest of the citizens of the State of New York. See Doran v. Salem Inn, Inc., supra, 422 U.S. at 931, 95 S.Ct. 2561.
In addition, these circumstances, and in particular the public interest in enforcement of criminal laws, in my judgment, warrant the conclusion that the plaintiff has not demonstrated possible irreparable injury or that the equities tip decidedly in his favor. See Yakus v. United States, 321 U.S. 414, 440-41, 64 S.Ct. 660, 88 L.Ed. 834 (1944); 7 J. Moore, Federal Practice ¶ 65.04[1], at 65-39 to 65-47 (2d ed. 1978). The exercise of interim equitable relief reflects a judicial inclination to apply remedial justice in situations where actions at law, more rigid in scope and application, are felt to provide an inadequate remedy. See generally, Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 57, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); Sampson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); Jackson Dairy, Inc. v. H. P. Hood & Sons, supra, 596 F.2d at 73 (Mansfield, J., concurring). To my mind, plaintiff's showing simply does not serve to fulfill the burden incumbent on a party seeking a preliminary injunction. See St. Martin's Press, Inc. v. Carey, slip op. 5351, 5358 n. 4 (2d Cir. January 10, 1979); Dopp v. Franklin National Bank, supra, 461 F.2d at 879.
It is unnecessary to discuss plaintiff's request for a preliminary injunction based on his assertion of prosecutorial misconduct in the course of proceedings before the Albany County Grand Jury except to note the complete absence of any factual support for the serious allegations contained in the complaint. See Dopp v. Franklin National Bank, supra. On a motion such as this more is required than an attorney's affidavit containing hearsay. See generally 11 C. Wright & A. Miller, *870 Federal Practice and Procedure § 2949, at 469-73 (1978); Shaw v. Garrison, 467 F.2d 113 (5th Cir.), cert. denied, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972).

B
The defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. In my judgment, only plaintiff's first claim for relief based on the alleged violation of the self-incrimination clause of the Fifth Amendment is subject to dismissal at this stage of litigation.
Clearly, monetary relief could not be awarded against the defendants even if the allegations in plaintiff's first claim for relief are true. See Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Additionally, it does seem that the issuance of federal injunctive and declaratory relief based on this claim would be beyond the jurisdiction of this Court.
It is my opinion that apart from Younger abstention, principles of federalism, comity, and equitable restraint preclude this Court from interfering with proceedings before the Albany County Grand Jury based on the alleged deprivation of plaintiff's Fifth Amendment privilege against self-incrimination within the context of an anticipatory challenge of prospective indictments. See, e. g., Rizzo v. Goode, supra, 423 U.S. at 377-81, 96 S.Ct. 598; O'Shea v. Littleton, 414 U.S. 488, 499-502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95-97, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); cf. Anonymous v. Association of the Bar, supra, 515 F.2d at 435. Aside from the fact that plaintiff's allegations with regard to the purported deprivation of his privilege against self-incrimination are speculative, which is the most they can be at this point, I do not perceive it to be a proper function of this federal district court under these circumstances to delve into or compel the production and disclosure of state grand jury transcripts at the pre-indictment stage of such proceedings to ascertain to what extent, if any, evidence has been improvidently presented. See generally Douglas Oil Co. v. Petrol Stops Northwest, ___ U.S. ___, ___ _ ___, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). In my judgment, the creation of an appropriate remedy, if any, under such circumstances, must be left to the wisdom and prerogative of the State of New York. See, e. g., N.Y. Criminal Procedure Law § 190.25(4) (McKinney Supp. 1978).
The second, third, and fourth claims for relief of the complaint assert violations of 42 U.S.C. §§ 1983, 1985(2), and 1986, respectively, against defendants Hynes and Meekins based on the alleged deprivation of plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment. Although these claims border on the vague and conclusory, see, e. g., Ostrer v. Aronwald, 567 F.2d 551 (2d Cir. 1977) (per curiam); Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck, 463 F.2d 620 (2d Cir. 1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973), in my judgment retention of these claims by the Court at this time would not impinge on the balance struck by the considerations discussed above. For instance, the transcripts of the state grand jury proceedings need not be utilized on plaintiff's case-in-chief on the issue of prosecutorial misconduct. Furthermore, defendants Hynes and Meekins have failed to raise any additional grounds in support of their contention that these claims, even if proven, do not state a basis for equitable relief.

CONCLUSION
For the foregoing reasons, plaintiff's motion for a preliminary injunction is hereby denied. Defendants' motion to dismiss the complaint is granted with regard to the first claim for relief and in all other respects denied.
Furthermore, finding that there is no just reason for delay, judgment shall enter in favor of defendants Hynes, Meekins, and Pivar dismissing plaintiff's first claim for relief. See Fed.R.Civ.P. 54(b). In addition, *871 because of the delicate and important issues of federal-state relationships underlying this case, and to allow sufficient time for the plaintiff to file a Notice of Appeal from this denial of injunctive relief and dismissal of his first claim for relief and to seek further stay in the Court of Appeals, Second Circuit, if the plaintiff be so advised, the order herein is stayed until May 15, 1979, at 2:00 P.M. and the defendants are directed to honor such stay accordingly. See Fed.R.App.P. 8(a).
It is so Ordered.