**UNITED STATES of America, Plaintiff,**

v.

**Jerome RABINOWITZ, Defendant.**

**Crim. Nos. 85–457, 85–461.**

United States District Court, E.D. New York.

May 19, 1986.

Reena Raggi, U.S. Atty. by Lawrence Robbins, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Speno, Goldberg, Moore, Margules & Corcoran, P.C. by Paul F. Corcoran, Mineola, N.Y., for defendant.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Defendant Jerome Rabinowitz has moved to dismiss the Indictment on the grounds that, under an agreement with the Government, he is immune from prosecution. Hearings were held before the Court on March 17—18, 1986 and April 15, 1986 to determine the scope of the immunity. For

---

the reasons stated below, the motion is denied.

Rabinowitz alleges that in 1982, he gave immunized testimony in St. Louis, Missouri as part of a grand jury investigation there. This much is undisputed. Rabinowitz contends that this immunized testimony relates to charges and activities similar to the instant Indictment and, therefore, the instant Indictments must be dismissed under *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

Under *Kastigar*, the defendant must first demonstrate that he has testified under immunity to matters related to the federal prosecution. 406 U.S. at 460, 92 S.Ct. at 1664–1665. Once a defendant has made that initial showing, then the Government has the obligation to show that its evidence has been obtained independently of the defendant's immunized testimony. *Id.* The grant of immunity is not unlimited. Immunity from prosecution does not extend to matters unrelated to the immunized testimony. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 260, 103 S.Ct. 608, 615, 74 L.Ed.2d 430 (1983); *United States v. Nemes*, 555 F.2d 51 (2d Cir.1977).

In *Nemes*, the Court of Appeals held that the defendant bears the initial burden of showing a relationship between the immunized testimony and the evidence supporting the indictment. The Court of Appeals in *Nemes* stated that it would be relatively easy for the defendant to establish that he or she testified under oath under a grant of immunity on matters related to the federal proceeding. *Nemes*, 555 F.2d at 51 (citing *Kastigar*). For example, grand jury transcripts, if made available to a defendant, should suffice to establish a relationship if any relationship exists.

In this case, there are two reasons to deny defendant's motion. First, Rabinowitz has failed to make even this initial showing. The Government is therefore not required to demonstrate that their evidence is unrelated to Rabinowitz's 1982 immunized testimony. Defendant's failure to make this initial showing is notable in light of defendant's access to the 1982 grand jury testimony. Second, even assuming that Rabinowitz had made the initial showing, which he has not, the motion must be denied because the Government has shown conclusively that its evidence is derived from legitimate sources wholly unrelated to the 1982 immunized testimony.

Accordingly, defendant's motion to dismiss is denied.

SO ORDERED.