LUCY GILL ET AL *v.* STATE OF ARK. EX REL JEFF MOBLEY, PROS. ATTORNEY.

5280                                        416 S. W. 2d 269

Opinion delivered June 5, 1967

[Rehearing denied July 26, 1967.]

*Darrell Hickman,* for appellant.

*Gene Worsham* and *Fletcher Jackson, Jeff Mobley, Joe Purcell,* Attorney General; *Don Langston & William R. Hass,* Asst. Attys. General, for appellee.

PAUL WARD, Justice. This is a Petition for a Writ of Certiorari challenging the power of a Prosecuting Attorney to sit as a Grand Jury. The Circuit Judge of Faulkner County, on March 25, 1967, held the Prosecuting Attorney had this power. The facts out of which this issue arises are summarized below.

Lucy Gill and ten other citizens of the county (petitioners) were subpoenoed to appear before the Prosecuting Attorney to testify regarding an investigation of alleged violations of the election laws during the election in 1966 in said county. Petitioners appeared as directed, but their attorney was not allowed to be present. Then the Prosecuting Attorney directed petitioners to appear before the Circuit Judge in order to determine their rights. Petitioners and their attorney appeared as directed. It was then that the judge entered an order which, in material parts, reads:

(1) The Prosecuting Attorney has a right to sit as a grand jury.

(2) A witness does not have a right to counsel in the room inasmuch as the prosecution is sitting as a grand jury.

(3) Petitioners will appear before the respondent on March 28, 1967, and answer all questions except those that would or would tend to incriminate them.

Later, petitioners refused to answer questions asked by the prosecuting attorney in the absence of their attorney.

*The issue.* Stripped of all nonessentials, the only issue involved here in whether petitioners had the right

to have their attorney present while being examined by the prosecuting attorney. The issue is so limited because petitioners concede that the prosecuting attorney has the right to subpoena, swear in, and question witnesses, and "sit as a grand jury" in many other respects—in fact, in all respects claimed by the respondent, except to deny them the presence of an attorney of their choice when being questioned during an investigation.

The question here involved is one of first impression. in this Court. There is no statute or constitutional provision which says plainly an attorney can be, or cannot be, present in a situation here involved. We must, therefore, seek an answer to the question by considering the implications to be drawn from certain statutes, provisions of the constitution, and judicial pronouncements presently mentioned.

In 1936 the people adopted Amendment No. 21 to the Constitution which reads:

"All offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney."

In 1937 the legislature implemented Amendment No. 21 by Act 160, being Ark. Stat. Ann. §§ 43-801 to 804 (Repl. 1964), Section 43-801, which in material parts, reads:

"The prosecuting attorneys and their deputies shall have authority to issue subpoenas in all criminal matters they are investigating; and shall have authority to administer oaths for the purpose of taking the testimony of witnesses subpoenaed before them; such oath when administered by the prosecuting attorney or his deputy shall have the same effect as if administered by the foreman of the grand jury." Respondent cites Ark. Stat. Ann. § 43-908 (Repl. 1964) which reads;

"The grand jury has power, and it is their duty, to inquire into all public offenses committed within the jurisdiction of the court in which they are impaneled, and to indict such persons as they find guilty thereof."

Also cited by Respondent is *Johnson* v. *State,* 199 Ark. 196, 133 S. W. 2d 15, where, among other things, we said:

"The prosecuting attorney of a county is a quasi-judicial officer. The law has intrusted him with power, upon what he deems sufficient cause, to institute proceedings. *He takes the place of a grand jury;* and as the law imposed upon the grand jury the duty of determining whether or not sufficient (cause) had been shown to justify an indictment against the accused."

Cited also is *Taylor* v. *State,* 220 Ark. 953, 251 S.W. 2d 588, as saying the subpoena power was necessary in order for the prosecuting attorney to properly *prepare* criminal cases. Also, Respondent appears to rely on Ark. Stat. Ann. § 43-2004 (Repl. 1964), but, at most, that section merely gives the prosecuting attorney power to coerce the attendance of witnesses at a hearing, and force them to testify "in all prosecutions."

A careful study of the above statutes together with other authorities cited and examined, and based upon our own research, leads us to the conclusion that petitioners, in this instance, had a right to have their attorney present. Set out below are reasons on which this conclusion is based.

It must be conceded—it is not argued to the contrary—that a person has a common law right to be represented by counsel at any and all times unless this right is taken away by statute. That right is taken away by statute when a person appears before a grand jury. This right has not been taken away by any statute when one is called before a prosecuting attorney. Therefore if

this Court takes that right away it must be done by implication—i.e. we must read such implication into Amendment No. 21 or into Ark. Stat. Ann. § 43-801 (Repl. 1964). This we are unwilling to do, especially since we must give the statutes a strict construction. In the case *In Re Kelley,* 209 Tenn. 280, 352 S. W. 2d 709, a similar issue was under consideration, and the Court said:

> "Such a statute, in derogation of the common law, and so drastic as to lend itself to oppression, should be strictly construed and should not be extended by construction beyond its plain language."

It takes little imagination to foresee the oppression that could result if prosecuting attorneys are given the power here sought by the Respondent.

It is argued that to give this power to prosecuting attorneys would save money for the state and counties. That may be, and must be, conceded, but that result is a far cry from a sound reason for depriving an individual of his common law rights. Nowhere is it even argued that a prosecuting attorney cannot efficiently prepare for and issue an information without denying the presence of an attorney requested by a witness.

It is significant to us that the legislature saw fit, by statute, to specifically exclude a witness' attorney before a grand jury, but it did not choose to apply the restriction to hearings before a prosecuting attorney. If this is ever done it should be done by the legislature and not this Court.

It is, therefore, our conclusion that the petitioners' request for a Writ of Certiorari should be, and it is hereby, granted.

HARRIS, C. J. and BYRD, J., dissent.

FOGLEMAN, J., concurs.

CARLETON HARRIS, Chief Justice, dissenting. I agree that prosecuting attorneys have not been granted the rights and powers of grand juries, but I do not see that it is actually necessary to reach that question in this case.

As pointed out in a concurring opinion by Mr. Justice Fogleman, the constitutional right to counsel before trial is based on protection against self-incrimination during the investigative process. I would quickly agree that, if the prosecuting attorney had subpoenaed these witnesses for the investigation of a murder, larceny, arson, or any other type of felony case, *except an election contest*, they would be entitled to an attorney who could advise them to refuse to answer any question that might involve them in the crime investigated.[1] However, Article 3, Section 9, of the Arkansas Constitution provides as follows:

"In trials of contested elections and in proceedings for *the investigation of elections*[2] no person shall be permitted to withhold his testimony on the ground that it may incriminate himself or subject him to public infamy; but such testimony shall not be used against him in any judicial proceeding, except for perjury in giving such testimony."

Obviously, if his testimony cannot be used against him, there is no reason why a witness should not answer questions propounded.

This matter reached the trial court because the witnesses refused to answer, and, in my view, the general powers granted to a Circuit Court authorize the assistance of that court in carrying out the constitutional and statutory provisions of our law.

---

[1] This, to me, is the main difference between an investigation conducted by a prosecuting attorney, and one conducted by a grand jury. In the latter instance, no witness is entitled to have an attorney present, irrespective of the charge being investigated.

[2] Emphasis supplied.

I, therefore, respectfully dissent.

I am authorized to state that Justice Byrd joins in this dissent.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result but reach it in a different way.

I agree that Arkansas has not conferred upon prosecuting attorneys all the rights and powers of grand juries, but I think that it might constitutionally do so.

I cannot agree that a witness subpoenaed to testify before a prosecuting attorney in a criminal investigation has any right, common law or constitutional, to have his attorney present in circumstances where, as here, he could not possibly incriminate himself. All of the holdings of the United States Supreme Court on the constitutional right to counsel before trial are based on protection against self-incrimination by in-custody interrogation. See, e.g., *Miranda* v. *State of Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R. 3d 974; *Escobedo* v. *State of Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. There is no way these witnesses could incriminate themselves in this investigation of alleged election law violations because of Art. 3, § 9 of the Arkansas Constitution:

> "§ 9. Testimony in Election contest—Self-incrimination.—In trials of contested elections and in proceedings for the investigation of elections no person shall be permitted to withhold his testimony on the ground that it may incriminate himself or subject him to public infamy; but such testimony shall not be used against him in any judicial proceeding, except for perjury in giving such testimony."

I find no authority for the statement in the majority opinion in regard to the right to counsel.

Nor do I fear abuse of powers by prosecuting attorneys. This court has always, in the absence of a showing to the contrary, presumed that officers would do their duty. *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S.W. 2d 26; *Jones* v. *Capers,* 231 Ark. 870, 333 S. W. 2d 242.

I find nothing, however, which authorizes the circuit court to compel a witness to testify before a prosecuting attorney unless we say that the latter has all the powers of a grand jury. There is specific statutory authority for compelling a witness to testify before a grand jury in Ark. Stat. Ann. § 43-916 (Repl. 1964) and in all prosecutions, criminal or penal actions or proceedings in §43-2004, both being sections of our Criminal Code. The former cannot, under present statutes, be extended to cover investigations by the prosecuting attorney. The latter is not comprehensive enough to include investigations. Had it been, there would have been no necessity for § 43-916 to apply to witnesses before a grand jury.