STATE OF ARKANSAS, EX REL ALEX STREETT, PROSECUTING ATTORNEY *v.* LEROY STELL ET AL

CR 73-29                                    495 S.W. 2d 846

Opinion delivered June 11, 1973

[Rehearing denied July 9, 1973.]

*Jim Guy Tucker*, Atty. Gen., by: *Ralph C. Hamner Jr.*, Asst. Atty. Gen., for appellant.

*Gordon & Gordon*, for appellee.

CARLETON HARRIS, Chief Justice. Felver A. Rowell, Deputy Prosecuting Attorney for Conway County, under the authority of Ark. Stat. Ann. § 43-801 (Repl. 1964), issued subpoenas directing certain residents of Conway County, appellees herein, to appear at the office of Prosecuting Attorney Alex G. Streett of the Fifth Judicial District, at Russellville, Pope County, on October 31, 1972, at 1:00 P. M. The subpoenas were issued in furtherance of an investigation of "vote buying" in Conway County. The subpoenas were placed in the hands of the Conway County Sheriff and were served on appellees in that

county. When those subpoenaed failed to comply,[1] the Prosecuting Attorney filed Informations in the Municipal Court of Pope County on the aforesaid date, charging appellees with violating Ark. Stat. Ann. § 43-803 (Repl. 1964).[2]

Warrants of arrest were issued by the Municipal Judge of Pope County and appellees were directed to appear before the municipal court of that county on November 2, 1972. Thereafter, a motion to quash was denied. Subsequently, the Circuit Court of Pope County issued writs of prohibition in the several cases ordering the Municipal Judge of Pope County to desist from any further proceedings. From the order so entered comes this appeal.

The question at issue is whether the prosecuting attorney has the authority under the statute first mentioned to subpoena witnesses in pursuance of an investigation to any county in his district, or whether he only has the authority to subpoena such witnesses to the county wherein the alleged law violations occurred. Pertinent portions of Ark. Stat. Ann. § 43-801 (Repl. 1964) provide as follows:

"The prosecuting attorneys and their deputies shall have authority to issue subpoenas in all criminal matters they are investigating; and shall have authority to administer oaths for the purpose of taking the testimony of witnesses subpoenaed before them; such oath when administered by the prosecuting attorney or his deputy shall have the same effect as if administered by the foreman of the grand jury."

It is the argument of the prosecuting attorney that his authority to subpoena is district-wide, i.e., he can subpoena witnesses from any county in the district to

[1] According to the statement of the case, appellees, on the advice of their attorney, did not appear.

[2] "The failure of any officer to serve such subpoenas and of a witness to appear on the returned date thereof shall constitute a misdemeanor and (be) punishable by fine of not less than $10.00 nor more than $100.00 and by imprisonment in the county jail not to exceed six (6) months, or both such fine(s) and imprisonment."

appear at his office in Russellville, Pope County, while appellees argue that the prosecuting attorney only has authority to subpoena witnesses to the same county where the offense occurred.

Let it be said at the outset that the case of *The First National Bank in Little Rock* v. *Russell C. Roberts, Judge,* 242 Ark. 912, 416 S.W. 2d 316, the only case cited by appellant in his brief, is not at all in point. There, the prosecuting attorney began an investigation into alleged vote buying in Faulkner County during the 1966 General Election. Pursuant to this investigation, the Prosecuting Attorney for Faulkner County obtained a subpoena for the First National Bank in Little Rock (or its duly authorized representative) to appear before him in the Faulkner County Courthouse, bringing certain records. The point at issue in the present litigation was not presented in that case, but it will be immediately noted that the witness (representative of the bank) was directed to appear before the prosecuting attorney *in the same county where the alleged vote buying took place.* In other words, the situation in *First National Bank* would be analogous, in the present instance, to witnesses from outside the district being subpoenaed to appear before the prosecuting attorney in *Conway County* to testify about the alleged criminal offenses in Conway County.

Perhaps it would be well to examine the reason for the passage of Act 160 of 1937 (§ 43-801). In 1936, the people of this state, by the adoption of Constitutional Amendment No. 21, gave prosecuting attorneys the power to initiate criminal charges by the filing of an Information (as well as by indictment by a grand jury). Prior to the passage of that amendment, it was necessary that the prosecuting attorney present all evidence with reference to the commission of felonies to the grand jury, and the charge, or indictment, for an offense could only be brought by the grand jury. Since that time, the great majority of felony cases have been initiated by the filing of an Information by the prosecuting attorney and meetings of the grand jury are much more infrequent. We have recognized that Act 160 of 1937 (§ 43-801), giving the prosecuting attorney the authority to subpoena wit-

nesses for the purpose of conducting an investigation to determine if there was sufficient evidence to merit the filing of an Information, was enacted as a matter of supplanting, to a degree, grand jury investigations. See *Taylor* v. *State*, 220 Ark. 953, 251 S.W. 2d 588, where this court said:

> "Constitutional Amendment No. 21, giving the prosecuting attorneys the power to try offenses on information as well as on an indictment by a grand jury, was passed in 1936 and declaration of adoption was made in the General Assembly on January 12, 1937. The same General Assembly passed Act No. 160 (now Ark. Stats., § 43-801) giving the prosecuting attorneys and their deputies the authority to issue subpoenaes in connection with the investigation of all criminal matters and to administer oaths. *It may be significant that the Act states that such oath shall have the same effect as if administered by the foreman of the grand jury. It may also be significant that the emergency clause recognizes the necessity of the Act is based on the less frequent meetings of the grand jury*[1] and the necessity of the "prosecuting attorney to subpoena witnesses in order to properly *prepare* (emphasis ours) criminal cases."

In *Johnson* v. *State*, 199 Ark. 196, 133 S.W. 2d 15, this court said:

> " 'The prosecuting attorney of a county is a quasi judicial officer. The law has intrusted him with power, upon what he deems sufficient cause, to institute proceedings. *He takes the place of a grand jury \*\*\*.*' " (Our emphasis).

Since the act was passed as a means of giving the prosecuting attorney the same investigative powers possessed by the grand jury,[2] it is only logical that it was

---

[1] Our emphasis.

[2] We have held that there is a difference in one respect, viz., a witness appearing before the prosecuting attorney has the right to be represented by an attorney while a witness does not have that right before a grand jury. *Gill, et al* v. *State*, 242 Ark. 797, 416 S.W. 2d 269.

the intent of the legislature to grant the same jurisdictional authority. As an illustration, let us use a hypothetical example. The Eleventh Judicial Circuit is composed of Jefferson, Lincoln and Desha Counties. Does a grand jury in Jefferson County have the authority to investigate a crime that admittedly occurred in Desha County and to subpoena witnesses from Desha County to appear before it in Jefferson County. To ask the question is but to answer it. Ark. Stat. Ann. § 43-907 (Repl. 1964), enacted as early as 1868 when the General Assembly established the Criminal Code, deals with the scope of inquiry of a grand jury. It provides:

"The grand jury must inquire—

First. Into the case of every person imprisoned in *the county* jail, or on bail, to answer a criminal charge in that court, and who is not indicted.

Second. Into the condition and management of the public prisons of *the county*.

Third. Into the willful and corrupt misconduct in office of public officers of every description in *the county*." (All italics ours).

It will be immediately noted that the authority and jurisdiction of the grand jury in its scope of inquiry extends to, and concerns only, those matters arising in *the particular county* where the misconduct takes place. Nor is it contended otherwise.

We hold that the authority of the prosecuting attorney to subpoena witnesses for investigative purposes is limited to subpoenaing those witnesses to appear at a place in the county where the alleged offenses, or the matters to be investigated, occurred.

Not only is this the legal manner of conducting such an investigation, but we think also, that it is the practical manner. Witnesses could well be required to travel great distances, and perhaps at their own expense. See Ark. Stat. Ann. § 43-2004 (Repl. 1964). In addition, since witnesses have the right to have their attorney present at such a

hearing, and since such attorney would probably be a resident of the witness' own county, we have the additional expense of taking one's lawyer to another county. Very likely, a convenient place to take evidence can be furnished at the county courthouse, or if not, at the office of the deputy prosecuting attorney for such county. Thus, on the one hand, dozens of witnesses could be required, possibly at great inconvenience, to travel for many miles, while on the other hand, only the prosecuting attorney, and perhaps his secretary, are required to travel—with the benefit of an expense account—and in furtherance of the functions of the office.

Affirmed.