**Walter L. KAYLOR, Freda Moore, and Juanita Rowe, Appellants,**

v.

**Ron FIELDS, Appellee.**

No. 80–1996.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1981.

Decided Oct. 19, 1981.

Fines F. Batchelor, Jr., Van Buren, Ark., for appellants.

Orville C. Clift, Fort Smith, Ark., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.

ARNOLD, Circuit Judge.

Walter Kaylor and Freda Moore appeal the District Court's [1] dismissal of their civil-rights action under 42 U.S.C. §§ 1983, 1985, and 1986 against Ron Fields, the Prosecuting Attorney for the State of Arkansas, Twelfth Judicial Circuit. The plaintiffs' prayer for injunctive relief was based on allegations of misconduct on the part of Ron Fields during his investigation of criminal activity in Crawford County, Arkansas. The District Court dismissed the complaint for failure to state a claim. Though our reasoning differs somewhat from that of the District Court, we affirm.

## I.

This action was disposed of on a motion to dismiss, and thus the facts alleged in the complaint are to be taken as true. The complaint was filed on July 23, 1980, by three plaintiffs, Walter Kaylor, Juanita Rowe, and Freda Moore. Walter Kaylor, some 19 months prior to the filing of the complaint, had ended his term as County Judge of Crawford County, Arkansas.[2] Soon after Kaylor left office, several questions arose concerning missing county property and Kaylor's handling of county funds. Juanita Rowe and Freda Moore have also been employed by Crawford County in the past, some of which time was spent working under the direction of Judge Kaylor. The defendant, Ron Fields, is the local prosecuting attorney charged with the responsibility of investigating such areas of suspected criminal conduct.

---

\* The Hon. William H. Becker, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Hon. Paul X Williams, Chief Judge, United States District Court for the Western District of Arkansas.

2. The office of county judge in Arkansas is not primarily a judicial office, but an administrative position that involves management of the county.

The complaint is sketchy and generally short on specific facts. Taken as a whole, however, it alleges that Fields, by himself and through a conspiracy with other unnamed public officials, has done the following:

(1) made continual, baseless accusations of criminal activity without the filing of criminal charges;

(2) made accusations about the plaintiffs to the news media;

(3) disseminated accusations to the press in an attempt to deprive plaintiffs of their right to an impartial jury panel in the event of their being prosecuted;

(4) subjected plaintiffs to interrogation by the Arkansas State Police, the Crawford County Grand Jury, and the FBI;

(5) subpoenaed papers and documents belonging to the plaintiffs without probable cause;

(6) attempted, through use of the prosecutor's subpoena power, to compel plaintiffs to be witnesses against themselves; and

(7) threatened to prosecute plaintiffs in an attempt to punish them for their political beliefs and exercising their right to free speech.

The complaint asks for an injunction prohibiting Fields from engaging in any of these kinds of conduct. There is no prayer for damages.

Soon after the complaint was filed, on August 13, 1980, the defendant filed a timely motion to dismiss for failure to state a claim on which relief could be granted. Next, on August 18, 1980, according to materials in the designated record, Juanita Rowe was arrested and charged with the crime of theft of property.[3] Three days later, on August 21, the plaintiffs made a motion for an enlargement of time of approximately 90 days, suggesting that discovery was necessary to enable them to respond to the defendant's motion to dismiss. This motion was denied on August 25, with plaintiffs given until September 15 to respond. Also on August 25, Fines F. Batchelor, who up to this point had represented all three plaintiffs, made a motion to withdraw as attorney for Freda Moore because of a conflict between Juanita Rowe and Freda Moore. This motion was granted, and Ms. Moore was given until September 15 to retain counsel and file a responsive pleading. It appears, however, that Ms. Moore did not file further pleadings or continue to participate in the lawsuit in any way. She has not appealed from the judgment entered below.

Thereafter, on September 15, counsel for Judge Kaylor and Ms. Rowe filed a response to the defendant's motion to dismiss and gave notice to take the deposition of Ms. Moore on September 25, 1980. Mr. Fields responded by way of a letter to the court on September 17, requesting a hearing on the motion to dismiss prior to the deposition or, in the alternative, an order prohibiting the deposing of Ms. Moore. The court responded by a letter to both parties dated September 18 setting a hearing date of September 23 for oral argument on the motion to dismiss. After oral argument, the District Court on the same day dismissed the complaint for failure to state a claim and filed a memorandum opinion setting out its reasons for the dismissal. Judge Kaylor and Ms. Rowe now appeal.

## II.

Appellants make two principal arguments. First, they argue that their complaint does state a claim, and second, they say it was improper to rule on the motion to dismiss before any discovery. We reject these arguments for the reasons set out below.

■ As we have said, the complaint is made up of very general allegations and few specific facts. Nevertheless, what is contained in the complaint is to be taken as

---

**3.** Ms. Rowe's trial on the charge in December of 1980 ended in a mistrial. We have no information as to whether she has been retried or whether the State of Arkansas intends to retry her.

true and viewed in the light most favorable to the plaintiffs. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). A complaint is not properly "dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted).

■ We begin with the claims that the defendant made continual, baseless accusations of criminal activity without filing any charges and made derogatory statements to the news media. The only injury involved in these allegations is the possible harm to plaintiffs' reputations. Such a defamation, without some resultant denial of a constitutional right, is not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975). Plaintiffs may, of course, have a state-law remedy.

■ Plaintiffs' next allegation is that the defendant disseminated accusations to the press in an attempt to deprive them of their right to an impartial jury panel in the event of a criminal prosecution. We recognize that this claim is arguably different from the ones discussed above, because it does charge a denial of a constitutional right—the right to an impartial jury in a criminal prosecution, guaranteed by the Sixth and Fourteenth Amendments. The claim is problematic in other respects, however. To the extent that this allegation presents an issue of whether Judge Kaylor is being denied a right under the Sixth Amendment, that issue is not ripe for adjudication in this action. For an issue to be ripe for adjudication we must be assured that the plaintiff will "sustain an immediate injury . . . and that such injury would be redressed by the relief requested . . . ." *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 81, 98 S.Ct. 2620, 2634, 57 L.Ed.2d 595 (1978). We have no such assurance here. The right to be tried by an impartial jury, by its very nature, can only be afforded or denied in the context of

a criminal trial. Judge Kaylor, to our knowledge, has not been charged with any crime, and until he is subjected to a criminal trial, we can only speculate as to whether his Sixth Amendment right is being denied. If he is charged, of course, he has ample means, including *voir dire* and a motion for change of venue, by which to vindicate this right in the state courts.

■ Ms. Rowe stands in a somewhat different posture as to this allegation, because, as we noted earlier, she has been arrested, charged with a crime, and tried once. The threat of harm to her is more immediate. We think, however, that the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), precludes the federal courts from affording any relief. The *Younger* doctrine prohibits the enjoining of a state criminal prosecution absent certain exceptional circumstances. Although the enjoining of the activity complained of here would not interfere directly with the state criminal proceeding, the exercise of our equitable powers is still inappropriate under *Younger*, where the plaintiff has an opportunity to assert her federal claim in the state proceeding. *Moore v. Sims*, 442 U.S. 415, 425, 99 S.Ct. 2371, 2378, 60 L.Ed.2d 994 (1979). Here Ms. Rowe is involved in an ongoing criminal proceeding, and she will undoubtedly have an opportunity to raise this claim at her trial, if the state seeks to try her again. "No more is required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977).

■ The next of plaintiffs' allegations is that the defendant subjected them to interrogation by the Arkansas State Police, the Crawford County grand jury, and the Federal Bureau of Investigation. We are aware of no constitutional right that is implicated by this allegation. Being the object of a criminal investigation, whether rightly or wrongly, is just one of the burdens to which every citizen is exposed. Grand juries, the FBI, and the like are lawfully charged with investigation of suspected criminal activities. The fact that the plaintiffs are the objects of such an

investigation, in and of itself, does not give rise to a federal claim.

■ Plaintiffs also allege that defendant has subpoenaed papers and documents belonging to them without probable cause and has attempted to compel them to be witnesses against themselves. The *Younger* doctrine requires us to refrain from exercising jurisdiction over this allegation. As we said earlier, *Younger* prohibits interference with state-court criminal proceedings, if the complaining parties have a fair opportunity to present their federal claims in the state courts.

■ The subpoenas in question here were issued pursuant to the prosecuting attorney's subpoena power contained in Ark.Stat.Ann. § 43–801 (1977 Repl.). A prosecutor who acts in this capacity in effect " 'takes the place of a grand jury' " under Arkansas law. *Johnson v. State*, 199 Ark. 196, 204, 133 S.W.2d 15, 18 (1939), quoting *Richards v. State*, 22 Neb. 145, 149, 34 N.W. 346, 347 (1887). The issuance of the subpoenas, under Arkansas law, is part of a state proceeding in which the plaintiffs to this action had an opportunity to present their claims. Challenges to such subpoenas can be made by a motion to quash in the state circuit courts, which have general criminal jurisdiction, and rulings on such motions are reviewable by the Arkansas Supreme Court. *Gill v. State ex rel. Mobley*, 242 Ark. 797, 798, 416 S.W.2d 269 (1967), and, of course, by the Supreme Court of the United States if federal questions are presented. See generally Hall, *The Prosecutor's Subpoena Power*, 33 Ark. L.Rev. 122 (1979). See also *Notey v. Hynes*, 418 F.Supp. 1320, 1326 (E.D.N.Y.1976) (when a grand jury is sitting there is a criminal proceeding under New York law for *Younger* purposes). *But cf. Brennick v. Hynes*, 471 F.Supp. 863, 867 (N.D.N.Y.1979) (*Younger* abstention not appropriate if no immediate recourse in the state courts). Under these circumstances abstention is appropriate here.

■ Plaintiffs' next allegation is that defendant has threatened to prosecute them in an attempt to punish them for their political beliefs and for exercising their right to free speech. This allegation, if otherwise properly pleaded, would state a claim under § 1983 of harassment by a state official for the purpose of abridging First Amendment rights. Nor are we precluded from entertaining such a claim by the *Younger* doctrine. As we have said, Judge Kaylor has not been criminally charged. And although Ms. Rowe has been charged with a crime, we have no information that specifically links these allegations to the charge now pending against her. One of the justifications for *Younger* abstention is that the federal plaintiff has an adequate remedy in the state court. Here we have no assurance that Ms. Rowe could assert this free-speech claim as a defense to the crime (misappropriation of county property) with which she is charged. *Younger, supra*, 401 U.S. at 46, 91 S.Ct. at 751.

The allegation involved here is also different from the typical *Younger* case in another respect. In *Younger* the federal plaintiff challenged the constitutionality of the state statute that was the basis for the threatened prosecution and sought to enjoin all enforcement of the statute. *Id.* at 39, 91 S.Ct. at 747. Here, however, the plaintiffs allege harassment by the state official, but do not attack the constitutionality of any underlying state statute. This is important because the Court in *Younger* made the point that the enjoining of all enforcement of a state statute, though it might be unconstitutional, would strip the state of all enforcement power in that area. *Id.* at 50–53, 91 S.Ct. at 753–755. This danger of a far-ranging impairment of state law enforcement is not presented here, where the plaintiffs seek only to enjoin the alleged bad-faith conduct of a state prosecutor, and thus the interests of comity and federalism are not implicated to the degree that they were in *Younger*.

■ *Younger* abstention aside, however, we are still unable to say that the District Court erred when it held this allegation failed to state a claim. To be sure, pleadings in civil-rights cases, especially

those brought *pro se,* are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. *Stanturf v. Sipes,* 335 F.2d 224, 229 (8th Cir. 1964), *cert. denied,* 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965). When the allegations are conclusory "the court has a duty to measure [the] allegations in light of the factual claims actually made." *Wilson v. Lincoln Redevelopment Corp.,* 488 F.2d 339, 341 (8th Cir. 1973). See 2A Moore's Federal Practice ¶ 12.08 (2d ed. 1981). Here the entire complaint is stated in the most general terms with few specific supportive facts. The portions of the complaint at issue here read:

> There is an attempt to deprive these plaintiffs of their rights under the First Amendment ... by threatening prosecution when plaintiffs speak the truth instead of making statements as desired by defendant, punishing them for their political beliefs ....

Complaint ¶ IV, D.R. 3.[4]

> That plaintiffs' rights under Amendment 14 ... have been violated ... by using color of State law and color of State authority to harass, intimidate, and otherwise deprive these plaintiffs of their constitutionally protected rights in an effort to aid other elected officials, and their friends and followers, in punishing these plaintiffs for their political views ....

Complaint ¶ X, D.R. 4. The plaintiffs complain that the defendant has violated their rights, but they set forth no specific facts to support their allegations. This sort of pleading falls short of "the minimum standards upon which a claim of denial of constitutional rights must rest." *Anderson v. Sixth Judicial District Court,* 521 F.2d 420, 421 (8th Cir. 1975).[5] We are hesitant to reverse the District Court in a situation such as this where the complaint's factual allegations are so deficient, especially as the First Amendment claim appears to be only an incidental aspect of the prosecutorial misconduct of which plaintiffs complain. But we are also not insensitive to the strong interest in favor of deciding colorable claims only after an opportunity to present evidence has been afforded. Therefore we affirm the District Court's order of dismissal as to this claim, but our order will provide that the dismissal of this allegation is without prejudice to the re-filing of a complaint that alleges facts with reasonable specificity.[6]

4. The reference is to the Designated Record filed in this Court by the Clerk of the District Court.

5. The factual allegations contained in the complaint in *Anderson* were similar to the ones made in this case. Count II of the complaint read in part:
   > Above Court permits public employees (non-lawyers) employed by the Probation Department to make threats, practice extortion, process malicious prosecution, in fact practice law without a license. These public employees are allowed to perpetrate fraud by manufacturing perjured affidavits for the Custodial parent to have notarized (sign under oath).

   *Anderson, supra,* 521 F.2d at 421 n.2.

6. We note that more facts have come to light since the time of the District Court's judgment. We were told by appellants at oral argument that they received certain information after the court's order indicating that Ms. Moore, originally a co-plaintiff, was secretly cooperating with the defendant while this suit was pending. This information may explain her inaction after the time Mr. Batchelor's motion to withdraw as her counsel was granted. In any case, the appellants now believe that on or about June 27, 1980, Ms. Moore, under the direction of Mr. Fields, was equipped with a bugging device that enabled Mr. Fields to record portions of an attorney-client conference attended by her, Mr. Batchelor, Judge Kaylor, and Ms. Rowe. This belief was substantially confirmed by counsel for Mr. Fields at oral argument. These facts are outside the record and cannot be considered by us on this appeal. Although we are concerned about this intrusion into the attorney-client relationship, it is not within our province to judge the incident one way or another. That is for the Committee on Professional Conduct of the Supreme Court of Arkansas, which committee, we are told, is currently investigating the matter. Our action today is of course without prejudice to any claims plaintiffs may have arising out of this surveillance.

**1184**

Up to this point we have not discussed the plaintiffs' allegations that all the acts described in the complaint were the product of a conspiracy, thus giving rise to a cause of action under 42 U.S.C. §§ 1985(3) and 1986. In order to state a cause of action under § 1985(3), however, one must allege some class-based discriminatory motive on the part of the conspirators. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). The acts described by the complaint do not contain any such element, and thus the District Court's dismissal of the § 1985 action was correct. A cause of action under § 1986 is dependent on a valid claim under § 1985, so the § 1986 claim was also properly dismissed. *Sebastian v. United States*, 531 F.2d 900, 904 n.11 (8th Cir.), *cert. denied*, 429 U.S. 856, 97 S.Ct. 153, 50 L.Ed.2d 133 (1976).

Appellants' second argument for reversal, that it was improper to rule on the motion to dismiss prior to any discovery, has little merit. All allegations in the complaint were disposed of on legal grounds. Discovery was not necessary for the resolution of those issues. As for the harassment allegation, we think discovery should not have been required in order for the plaintiffs to supply a minimum of specific facts to support their charges. After all, the conduct of the defendant was alleged to have involved the plaintiffs personally. Surely discovery was not required in order for the plaintiffs to supply *some* facts as to when and where the acts took place, and what acts were committed. In view of the nature of the issues involved, it was not an abuse of discretion to rule on the motion to dismiss prior to the commencement of discovery. Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.

The judgment of the District Court dismissing the complaint is affirmed. Dismissal of the claim that defendant harassed plaintiffs in order to deter them from the exercise of First Amendment rights is without prejudice to the refiling of a complaint making reasonably specific factual allegations in support of this claim. It is so ordered. Costs will be taxed against appellants.