**Colonel Theodis BROWN, et al., Plaintiffs,**

**v.**

**BAUMAN OIL CO. and Ranger Insurance Co., et al., Defendants.**

No. 86–643C(5).

United States District Court, E.D. Missouri, E.D.

Dec. 10, 1986.

Col. Theodis Brown, pro se.

Robert J. Krehbiel, St. Louis, Mo., for defendants Bauman and Rangers.

William F. James, St. Louis, Mo., for defendants.

**ORDER**

LIMBAUGH, District Judge.

This matter is before the Court to consider the motion of defendants Bauman Oil Company and Ranger Insurance Company to dismiss plaintiff's suit.

On July 8, 1986, this Court declined to grant a similar motion directed against the plaintiff and instead ordered the plaintiff to refile his complaint in a neat and legible form and, among other things, to set forth the nature of the charge(s) against each defendant with a brief factual basis for each cause of action. The plaintiff has fallen far short of complying with this Court's order and partially, as a result, has failed to state a claim upon which relief can be granted as to many of his claims.

A federal district court is a court of limited jurisdiction and may only entertain suits that contain claims arising under one or both of the categories of diversity jurisdiction or federal question jurisdiction. In addition, a federal district court may entertain claims based on state law if these claims "derive from a common nucleus of operative fact" with a truly federal claim and are such that a plaintiff "would ordinarily be requested to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

██ The plaintiff has done an adequate job of pleading his state law based

tort claim and it is likely that this Court would allow him to bootstrap these claims onto a federal question or diversity claim via pendant jurisdiction. In this case, however, plaintiff has wholly failed to adequately plead a federal question claim. His conclusory statements that his civil rights have been violated are not supported by any factual explanation that would sufficiently put his opponents on notice of the claims against them. The requirements for setting forth these facts are adequately explained in this Court's order of July 8, 1986. Even a pro se complaint must contain specific factual allegations rather than "mere conclusory statements" that state a civil rights claim. *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir.1981). To allege that one was "misrepresented by a wolf in [sheep's] clothing," for example, falls short of adequately pleading a civil rights violation. In a less colorful manner, so does alleging that "defendants ... subjected a (Negro) plaintiff ... to the deprivation of the rights (1) not to be deprived of liberty or property ... with due process of law ... [etc.]", if nothing more is given to explain how these deprivations occurred. Pleading requirements are especially important when alleging (as has plaintiff) the existence of a conspiracy.

Plaintiff has not made a claim under the Court's diversity jurisdiction since it is clear from his complaint that most or all of the parties involved in the suit at this point are Missouri residents. Although plaintiff at one point claims defendant Safeco is a Washington state corporation, he later alleges it to be a Missouri corporation. Regardless of Safeco's place of incorporation, it is clear that there is not the complete diversity of citizenship required to maintain plaintiff's state law claims in a federal court.

Plaintiff's citation of criminal statutes as a basis for recovery provides no jurisdiction for this Court.

Since it is clear that plaintiff has not successfully stated a claim upon which relief can be granted as to his federal question claims, these claims as well as the pendent state tort claims will be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Such dismissal will be with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the motions of defendants Bauman Oil Company and Ranger Insurance Company to dismiss is GRANTED, with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to strike defendants' pleadings is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to consolidate is DENIED.

IT IS FURTHER ORDERED that plaintiff's most recent motion to demand docket sheet corrections is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of final judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to "add Bi-State's group policy" is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to proceed in forma pauperis is DENIED.

IT IS FURTHER ORDERED that plaintiff's renewed motion for default judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff's October 14, 1986, motion to consolidate is DENIED.

IT IS FURTHER ORDERED that plaintiff's October 10, 1986, motion to demand docket sheet corrections is DENIED.

IT IS FURTHER ORDERED that plaintiff's September 22, 1986, motion for default judgment, to strike, for sanctions, for summary judgment and to disqualify counsel are DENIED.

IT IS FURTHER ORDERED that plaintiff's September 8, 1986, motion for sanctions is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion of August 25, 1986, to reopen and amend in separate counts original re-

**160**

lated causes of action and to consolidate are DENIED.

IT IS FURTHER ORDERED that plaintiff's August 4, 1986, motion for summary judgment on Count II of his amended complaint is DENIED.

IT IS FURTHER ORDERED that plaintiff's August 4, 1986, motion for default judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to formally introduce evidence regarding the Ku Klux Klan is DENIED.

IT IS FURTHER ORDERED that defendant Safeco's motion to dismiss is GRANTED.

IT IS FINALLY ORDERED that all other motions set forth by the parties in this case are DENIED as moot.