[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 12-12049
Non-Argument Calendar

————————————

D. C. Docket No. 9:10-cv-80393-KLR

DAN THOMAS INMAN,

Plaintiff-Counter-,
Defendant,

CAPITAL HOLDINGS, USA, LLC,
a Florida Corporation,

Plantiff-Counter
Defendant-Appellant,

versus

AMERICAN PARAMOUNT FINANCIAL,
a California Corporation, et al.,

Defendants-Counter
Defendants,

LAW OFFICE OF LLOYD J. MICHAELSON, P.A., et al.,

Defendants-Counter
Claimants,

WELLS FARGO BANK, N.A.,

Defendant-Counter
Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Capital Holdings, USA, LLC ("Capital") appeals the

district court's order granting Defendant-Appellee Wells Fargo Bank, N.A.'s

("Wells Fargo") motion to dismiss Capital's claims with prejudice and its order

denying Capital's voluntary motion to dismiss claims against Wells Fargo without

prejudice.  For the reasons set forth below, we affirm the orders of the district

court.

I.

Capital brought the underlying lawsuit against various defendants[1] after it

sustained monetary loss in a fraudulent loan scheme.  Capital alleged that Cesar

_____

[1] The defendants included American Paramount Financial ("American") (a private
funding group) and its president/CEO Nicholaus Skultety; Marjam, Inc. (American's broker) and

2

Nunez, an employee of Wells Fargo, misrepresented American's ability to fund and close loans and induced Capital to apply and pay loan fees as part of the scheme. In its first amended complaint, Capital added Wells Fargo as a defendant and brought claims against it, based on Nunez's alleged representations, for fraudulent misrepresentation, negligent misrepresentation, aiding and abetting fraud, and negligent supervision.

Wells Fargo filed a motion to dismiss Capital's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted its motion without prejudice and with leave to amend. With regard to the fraud and misrepresentation claims, the district court found that Capital failed to plead the circumstances surrounding the fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and failed to provide sufficient factual allegations to allow the court to infer that Wells Fargo was liable for the misconduct alleged. The court also found that the negligent supervision claim, while not subject to Rule 9(b), was deficient under Rule 8(a) because Capital failed to plead "factual allegations from which the Court could infer that Wells Fargo or its employees somehow made misrepresentations which deceived [Capital] into making unsafe deposits." [R. 70 at 13.]

---

its president Mark Snidero; Lloyd Michaelson and the Law Office of Lloyd J. Michaelson, P.A. (attorneys for American and Skultety); and Cesar Nunez, a Wells Fargo employee.

3

Capital filed a second amended complaint, abandoning the aiding and abetting claim, and Wells Fargo answered.  Thereafter, the district court granted a motion to dismiss for lack of subject matter jurisdiction filed by another defendant, the Law Office of Lloyd J. Michaelson, P.A., but gave Capital leave to amend the complaint for a third time.  After Capital filed a third amended complaint, which contained the same allegations against Wells Fargo as the second amended complaint, Wells Fargo filed another motion to dismiss pursuant to Rule 12(b)(6).  In its April 29, 2011, order on the motion, the district court dismissed Capital's negligent supervision claim with prejudice.  The district court also found that Capital's fraudulent and negligent misrepresentation claims were "again deficient when viewed through the lens of Rule 9(b) and the *Brooks*[*v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997)] standard."  [R. 196 at 6.]  However, the court "afford[ed] Capital one final opportunity to allege its misrepresentation claims with particularity."  It stated:

> If Capital chooses to amend these claims, Capital shall, for each and every alleged misrepresentation, provide the name of the person making the misstatement, what the precise misrepresentation was (using direct quotations when possible), where the statement was made, when the statement was made, how the statement misled Capital, and what [] Wells Fargo gained as a result of the statement, in accordance with Rule 9(b) and *Brooks*.  The failure to properly plead these misrepresentation[] claims as instructed will result in the dismissal of these claims with prejudice and may result in the imposition of sanctions.  If Capital does not believe it can properly

4

plead these claims in accordance with *Brooks* and Rule 9(b), it shall
refrain from re-filing these claims.

[*Id.* at 9.]  At the conclusion of its order, the district court clarified that Wells
Fargo's motion to dismiss was granted, that Capital's claim for negligent
supervision was dismissed with prejudice, and that Capital's failure to file an
amended complaint with regard to the fraudulent and negligent misrepresentation
claims "will result in dismissal of [those] claims . . . with prejudice."  [*Id.* at 12–
13.]

Instead of filing an amended complaint, Capital filed a motion to voluntarily
dismiss the claims against Wells Fargo pursuant to Federal Rule of Civil Procedure
41(a)(2).  On July 5, 2011, the district court denied Capital's motion, concluding
that Capital's failure to file an amended complaint within the allowed 15-day
period operated as a dismissal with prejudice as to the fraudulent and negligent
misrepresentation claims, such that there were "no claims currently pending
against Wells Fargo which could possibly be voluntarily dismissed without
prejudice under Rule 41(a)[(2)]."  [R. 241 at 3–4.]  With the conclusion of the
litigation as to the other defendants, Capital then perfected this appeal.

## II.

"We review *de novo* a Rule 12(b)(6) dismissal of a complaint for failure to
state a claim."  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease*

5

*Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Id.*

"[W]e review a district court's decision to allow a voluntary dismissal without prejudice under Rule 41(a)(2) only for an abuse of discretion." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). Similarly, we review a district court's dismissal for failure to comply with the rules of the court for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

## III.

After reviewing the record and reading the parties' briefs, we affirm the district court's grant of dismissal with prejudice in favor of Wells Fargo as to all claims and denial of Capital's voluntary motion to dismiss without prejudice based on the district court's April 29, 2011 and July 5, 2011 well-reasoned orders. Moreover, we rely on additional reasoning set forth below.

## A.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

6

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (alteration, citations, and internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S. Ct. at 1965.  Federal Rule of Civil Procedure 9(b) provides:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks*, 116 F.3d at 1370–71 (internal quotation marks omitted).  Rule 9(b) may be satisfied when the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and
>
> (3) the content of such statements and the manner in which they misled the plaintiff, and

7

(4) what the defendants obtained as a consequence of the fraud.

*Id.* at 1371 (internal quotation marks omitted).

We agree with the district court that Capital failed to plead sufficient factual allegations in its third amended complaint to support its negligent supervision claim as required by Rule 8(a) or its fraudulent and negligent misrepresentation claims as required by Rule 9(b).  Specifically, Capital's negligent supervision claim is deficient because it failed to plead sufficient factual allegations that Wells Fargo was aware or should have been aware that Nunez was predisposed to committing the wrongs alleged in the third amended complaint.  *See Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. Dist. Ct. App. 2005) (noting that, under Florida law, to state a claim for negligent supervision "[t]he plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate and take corrective action").  Likewise, with regard to Capital's claims for fraudulent and negligent misrepresentation, we agree with the district court that the allegations contained in the third amended complaint do not meet the requirements of Rule 9(b) described in *Brooks*.

Capital's argument that Wells Fargo's "intransigence" during discovery somehow prevented Capital from pleading particular facts is misguided.

8

[Appellant's Br. at 14.]  Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins and cannot be relied upon to defeat a motion to dismiss for failure to state a claim.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").  By Capital's own admission, it "was in no better position to plead more definitive facts about Wells[ Fargo's] involvement" in the loan fraud scheme after the court's April 29, 2011 order.  [Appellant's Br. at 14.]  Capital was not placed in an "unwinnable procedural position" [*id.* at 15] by the district court's requirement that it plead its claims against Wells Fargo in accordance with the Federal Rules of Civil Procedure.  As we have explained before, delaying a ruling on a motion to dismiss "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Chudasama*, 123 F.3d at 1368.  Consequently, "neither the parties nor the court have any need for discovery before the court rules on [a] motion [to dismiss]." *Id.* at 1367.  Because Capital failed to adequately plead a claim for relief against Wells

9

Fargo, and because we find no merit in its argument that it was entitled to discovery to assist in doing so, we affirm the district court's dismissal in favor of Wells Fargo.[2]

### B.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg*, 252 F.3d at 1256 (internal quotation marks omitted). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted). "It is clear that a district court does, and indeed must, have the power to control and direct the cases on its

---

[2] In addition, we conclude that the district court acted within its discretion in finding that because "Capital failed to amend the claims [against Wells Fargo,] . . . by operation of the [April 29, 2011] order, those claims have been dismissed with prejudice." [R. 241 at 3.] "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).[3] "It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case." *Id.*

Capital argues that the district court abused its discretion by denying Capital's motion for voluntary dismissal without prejudice because it "fail[ed] to weigh the equities of the parties, particularly . . . the absence of any clear legal prejudice to Wells" [Appellant's Br. at 20], and because it failed to apply the test for imposing sanctions described in *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38. We disagree.

The district court exercised its discretion to control its docket by generously affording Capital the option of filing its third amended complaint in the underlying litigation. The court expressly instructed Capital that it must allege particular facts to support the elements of each misrepresentation claim and "[t]he failure to properly plead [those] claims as instructed *will* result in the dismissal of these claims with prejudice and may result in the imposition of sanctions." [R. 196 at 9.] The court warned that Capital's failure to file a fourth amended complaint within 15 days "will result in dismissal of [those] claims." [*Id.* at 13.] Based on the district court's order, Capital had two options. Thus, Capital's argument that the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

district court abused its discretion in denying Capital's attempt to circumvent the district court's order by inventing a third option—filing a motion for voluntary dismissal pursuant to Rule 41(a)(2)—is not persuasive.  Capital's failure to file an amended complaint effectively caused the district court's April 29, 2011, order to operate as a dismissal with prejudice of Capital's fraudulent and negligent misrepresentation claims.  Accordingly, there was no need for the court to engage in an analysis of Capital's Rule 41(a)(2) motion for voluntary dismissal.

## IV.

For the foregoing reasons, we affirm the district court's grant of Wells Fargo's motion to dismiss and its denial of Capital's Rule 41(a)(2) motion.

**AFFIRMED.**

12