# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2817

_____

| | | |
|---|---|---|
| Sebastian Rucci, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| The City of Pacific, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 13, 2002

Filed:  May 1, 2003

_____

Before MORRIS SHEPPARD ARNOLD, RILEY, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Sebastian Rucci (Rucci) filed a complaint in the District Court for the Eastern District of Missouri, requesting that the district court declare Rucci's real estate unzoned and exempt from any zoning regulations of the City of Pacific (City) and enjoin the City from refusing to process and approve subdivision plans for the property.  The City moved to dismiss the complaint for failure to state a claim for

which relief can be granted. The district court[1] granted the City's motion to dismiss, finding Rucci's property retained the prior zoning classification imposed by the county. Rucci appeals. Because we find Rucci's property retained the county's zoning classification, we affirm the district court's dismissal.

## I.   BACKGROUND

Rucci is a resident of Ohio and is the equitable owner of 18.36 acres of land located in Franklin County, Missouri. In 1997, the City annexed Rucci's property. Before annexation, Franklin County zoned Rucci's property as a Suburban Development District (SDD). Since annexation, the record does not indicate the City adopted its own zoning ordinance for Rucci's property.

On April 10, 2002, Rucci submitted plans to the City to subdivide his property into a subdivision named Pacific Heights. The Pacific Heights subdivision plans called for Rucci's property to be divided into sixty-two separate lots. A letter accompanying the plans contended Rucci's property was exempt from City regulations, because the City had not adopted a zoning ordinance for Rucci's property under the procedures established in the Missouri Revised Statutes, §§ 89.010-89.140 (2000). The City denied Rucci's request to subdivide the property, arguing Rucci's property was already zoned with the previous Franklin County SDD zoning. To subdivide the land, the City claimed Rucci must first seek rezoning.

Six days after the City rejected Rucci's subdivision proposal, Rucci brought this action. Rucci requested the district court enjoin the City "from refusing to process and approve the preliminary plans, improvement plans and record plat . . . for Pacific Heights." Rucci also requested a judgment declaring Rucci's property unzoned, exempt from the City's zoning regulations and otherwise in compliance

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

with all of the City's regulations. The district court denied relief because Rucci's property retained the SDD zoning classification previously imposed by Franklin County.

## II.    DISCUSSION

We review a district court's dismissal for failure to state a claim *de novo*. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion to dismiss, we take the complaint's material allegations as true and liberally construe the complaint in the plaintiff's favor. Id.; see also Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

Today we face a quintessential question of state and local law, the application of local government real estate zoning laws. Although the Missouri courts could better interpret their own zoning laws, we forge ahead with our best effort.

Under our diversity jurisdiction, when interpreting Missouri law, we are bound by the decisions of the Missouri Supreme Court. Cassello v. Allegiant Bank, 288 F.3d 339, 340 (8th Cir. 2002). If the Missouri Supreme Court has not addressed the issue before us, we must ascertain what rule the Missouri Supreme Court would apply. Id. When determining what the Missouri Supreme Court would do, we often turn to the decisions of the Missouri Court of Appeals for guidance. Id.

The Missouri Supreme Court has not specifically addressed the issue before us. However, referring to the zoning statutes, §§ 89.010 to 89.140, Mo. Rev. Stat., the Missouri Supreme Court noted, in passing and without analysis, that property annexed by a city entered the city as unzoned property. State ex rel. Holiday Park,

Inc. v. City of Columbia, 479 S.W.2d 422, 424-25 (Mo. 1972). Although the Missouri Supreme Court said Holiday Park's property "came into the City of Columbia as unzoned land," the court focused on whether Columbia properly exercised its zoning power by adopting an interim zoning ordinance, not whether the property retained any zoning classification previously imposed by Boone County, the county in which Holiday Park's property resided. The opinion does not indicate whether Boone County had zoning regulations applicable to the property before Columbia's annexation.

In interpreting Holiday Park, the Missouri Court of Appeals later recognized Boone County had not adopted county zoning regulations until 1973, a year after the Missouri Supreme Court decided Holiday Park. See Slate v. Boone County Bd. of Adjustment, 810 S.W.2d 361, 362 (Mo. Ct. App. 1991). Because the property in Holiday Park was apparently unzoned before the City of Columbia annexed it, the Missouri Supreme Court was not faced with the same issue now before us.

Without Missouri Supreme Court direction, we turn to the Missouri Court of Appeals for guidance. In Dahman v. City of Ballwin, 483 S.W.2d 605 (Mo. Ct. App. 1972), the Missouri Court of Appeals confronted our issue in determining the voting requirements to pass a zoning ordinance. The voting requirements at issue in Dahman depended on the subject property retaining the county's zoning classification after city annexation. The Missouri Court of Appeals concluded annexed property retains a previously imposed county zoning classification and this retention does not unduly infringe the annexing city's powers. "Such an interpretation . . . brings about a just and reasonable result." Id. at 611. The Dahman court reasoned:

> The annexing city is being deprived of nothing. It still maintains the legal control permitted by statute. Likewise, the annexing city is not being forced to abide by a course of conduct prescribed by a sister branch of government. There is actually no change in the sovereign

power. The state is the sovereign. There is merely a change in the administration of that power from one branch of the state to another.

Id. Dahman clearly and persuasively holds that an annexed parcel of land in Missouri retains a county's zoning classification until the classification is altered by the annexing city. See id.

Rucci contends Dahman no longer represents Missouri law. Rucci argues the Missouri General Assembly repealed Dahman when in 1991 it adopted section 89.191 of the Missouri Revised Statutes. Section 89.191 provides:

Whenever any city . . . located in a county of the first class with a charter form of government annexes *any* unincorporated territory, the zoning classification of the annexed territory shall remain the same as it was prior to the annexation, unless the zoning classification is affirmatively changed through the regular rezoning procedures used by the annexing city . . . .

Mo. Rev. Stat. § 89.191 (emphasis added). Generally, the intent of a statute is derived from the statute's plain, ordinary meaning. Missouri v. Rowe, 63 S.W.3d 647, 650 (Mo. 2002) (en banc).

The City's annexation of Rucci's property falls within the plain meaning of section 89.191. First, the City is located in a county of the first class with a charter form of government. The City is partially located in St. Louis County, Missouri. St. Louis County is a first class county with a charter form of government. Second, the City annexed *any* property when it annexed Rucci's property. Although Rucci's property is located in Franklin County, section 89.191 does not limit its application to property located in a first class county. Because the City is located in a first class county with a charter form of government and Rucci's property is *any* unincorporated territory, section 89.191 applies. Therefore, in our best judgment, section 89.191 does not change the reasoning or the result of Dahman, but actually supports Dahman.

-5-

## III. CONCLUSION

Before the City annexed Rucci's property, Franklin County imposed a zoning classification of SDD upon Rucci's property. Following annexation, Rucci's property retained the SDD zoning classification. The SDD zoning classification remains in effect until the City rezones the property. <u>Dahman</u>, 483 S.W.2d at 611; <u>see also</u> Mo. Rev. Stat. § 89.191. Since Rucci's property is neither unzoned nor exempt from the City's zoning regulations, Rucci's complaint failed to state a claim.

Finding no error, discussion of Rucci's other arguments have no precedential value. <u>See</u> 8th Cir. R. 47B.

For the foregoing reasons, we affirm the district court's dismissal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.