# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3987

_____

William J. Federer,      *

    *

      Appellant,     *

    *     Appeal from the United States

   v.     *     District Court for the

    *     Eastern District of Missouri.

Richard A. Gephardt, individually;     *

Joyce A. Aboussie, individually;     *

James A. Larrew, individually; and     *     [PUBLISHED]

John Does,     *

    *

      Appellees.     *


_____

Submitted: June 9, 2003
Filed: April 13, 2004

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

William J. Federer sued several defendants for damages arising from an alleged civil conspiracy in violation of 42 U.S.C. § 1985(3) (2000). Federer appeals the district court's order dismissing Federer's § 1985(3) claims for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). On appeal, Federer argues (1) that his complaint adequately alleged a violation of the equal protection provisions of § 1985(3); and (2) that his complaint adequately alleged a violation of

the support and advocacy clause of § 1985(3).  We respectfully disagree, and we affirm the judgment of the district court.

## I. Background

Federer was the Republican Party candidate for Congress in Missouri's Third Congressional District in the November 2000 general election.  Appellee Richard A. Gephardt was Federer's Democratic Party opponent and the incumbent Representative.  Federer alleges that during the 2000 campaign, Gephardt acted in concert with defendants Joyce Aboussie, James Larrew, and unidentified John Does to interfere with Federer's campaign.  Specifically, Federer alleges that between May 2000 and September 2000, someone broke into Federer's campaign headquarters, his home, his family's real estate office, and his brother's law office.  Each break-in resulted in  property damage or theft.  Federer alleges that the break-ins were committed by the defendants in order to prevent Federer from "supporting and advocating" himself as a candidate in a federal Congressional election.

In addition, Federer alleges that he was assaulted and harassed at the South County Days Parade in St. Louis on October 7, 2000, by the defendant Larrew. Federer alleges that Gephardt and Aboussie instructed Larrew to follow Federer along the parade route with a video camera and that Larrew was instructed to provoke a physical altercation with Federer.  Eventually, Larrew made a formal assault complaint against Federer.  Federer was tried for and acquitted of the assault charge in January 2003.

Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court[1] concluded that an alleged conspiracy to infringe First Amendment rights is not actionable under § 1985(3) unless state action

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

is alleged. The court dismissed Federer's § 1985(3) claim because it failed to allege state action and for its failure to allege that Federer was a member of a protected class. Because this was Federer's only federal claim, the court then dismissed the entire complaint (the other counts alleged state law tort claims) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. Standard of Review

We review a district court's dismissal for failure to state a claim de novo. Rucci v. City of Pacific, 327 F.3d 651, 652 (8th Cir. 2003). We must view the complaint in a manner most favorable to the plaintiff and may dismiss only where no relief could be granted under any set of facts provable under the allegations. Id. We must accept the plaintiff's material factual allegations as true, putting all skepticism aside.

## III. "Equal Protection" Claim

To state a claim under the equal protection provisions of the first part of § 1985(3), Federer must allege (1) a conspiracy, (2) for the purpose of depriving another of the "equal protection of the laws, or of equal privileges and immunities under the laws;" (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); 42 U.S.C. § 1985(3).[2] A claim under this part of the section

---

[2]In its entirety, 42 U.S.C. § 1985(3) states:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of

also requires proof of a class-based animus, <u>Griffin</u>, 403 U.S. at 102.[3]  In addition, Federer must allege that an independent federal right has been infringed.  Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights.  The source of the right or laws violated must be found elsewhere. <u>United Bhd. of Carpenters & Joiners of Am. v. Scott</u>, 463 U.S. 825, 833 (1983); <u>Great Am. Fed. Sav. &.Loan Ass'n. v. Novotny</u>, 442 U.S. 366, 376 (1979).

Because no separate statute gives a citizen the independent federal right to support and advocate on behalf of a candidate for Congress, the only otherwise defined federal rights to which Federer's complaint alludes are the First Amendment rights of freedom of association and freedom of expression.  "[A]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to

the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The first part of section 1985(3) is often referred to as the equal protection provisions of the section because of the language "for the purpose of depriving, either directly or indirectly, any person or class of persons of the <u>equal protection of the laws, or of equal privileges and immunities under the laws</u>." <u>Id</u>. (emphasis added).

[3]"The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Griffin</u>, 403 U.S. at 102 (emphasis omitted).

influence the activity of the State."  Carpenters, 463 U.S. at 830.  Unlike 42 U.S.C. § 1983, which requires that the offending action be done under the color of state law (meaning the law of one of the states comprising the Union), the scope of § 1985(3) is considerably broader and can reach conspiracies composed of federal officers or federal employees.  See Hobson v. Wilson, 737 F.2d 1, 19-20 (D.C. Cir. 1984), cert. denied, 470 U.S. 1084 (1985), overruled in part on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). Because the First Amendment prohibits both the federal government and the states (through its incorporation into the Fourteenth Amendment) from violating the rights of free expression and association guaranteed by the First Amendment, it follows that the "state action" requirement in §1985(3), as explained in Carpenters, can be satisfied by a federal actor who is a member of the conspiracy.

Federer asserts that he has alleged state action because he alleged that Mr. Gephardt was a member of the United States House of Representatives and because Aboussie and Larrew were members of Mr. Gephardt's staff.  However, a defendant's government employment does not make the defendant a governmental actor for all purposes.  The particular actions complained of must be fairly attributable to the respective government.

"In ascertaining the presence of state action, we must examine the record to determine whether 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'"  Montano v. Hedgepeth, 120 F.3d 844, 848 (8th Cir. 1997)(considering the presence of state action in a First Amendment claim arising under 42 U.S.C. § 1983) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)) (alteration in original).  We consider two factors for determining whether state action is present.  First, the action violating the rights of the claimant must have been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar, 457 U.S. at 937.  "Second, the party charged with the deprivation

5

must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Id.; see also Montano, 120 F.3d at 848; Roudybush v. Zabel, 813 F.2d 173, 176-77 (8th Cir. 1987).

The defendants here are not government actors under this test. Their alleged actions were not "caused by the exercise of some right or privilege created by" their federal employment. Federer's complaint does not allege that the defendants acted on behalf of the United States House of Representatives, or of the United States, or of the State of Missouri; the complaint instead indicates that the defendants acted on behalf of Mr. Gephardt as a political candidate and private person. Federer's complaint does not properly allege the governmental state action necessary to claim a § 1985(3) conspiracy for the violation of a First Amendment right.

Alternatively, Federer argues that he is not required to allege state action because the defendants engaged in a private conspiracy. For a private conspiracy to come within the ambit of the first clause of § 1985(3), the plaintiff must also establish (1) "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirator's action;" and (2) "that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" Bray v. Alexandra Women's Health Clinic, 506 U.S. 263, 267-68 (1993)(quoting Griffin, 403 U.S. at 102, and Carpenters, 463 U.S. at 833). Passing the question of whether or not a political party is a "class" under the statute, Carpenters, 463 U.S. at 836, it is clear that the "rights" involved here are solely First Amendment rights. As such, they are not rights that are "protected against both private and official encroachment." The First Amendment "erects a shield exclusively against governmental misconduct. It provides no protection against private behavior, no matter how egregious." Montano, 120 F.3d at 848 (internal

6

citation omitted). Thus, § 1985(3) provides no remedy for a private conspiracy based on a violation of Federer's First Amendment rights.[4]

## IV. "Support and Advocacy" Claim

The second part of §1985(3) relates generally to the "institutions and processes of the Federal Government," and specifically to federal elections.[5] <u>Kush v. Rutledge</u>, 460 U.S. 719, 724 (1983). The defendants do not argue that Federer was required to show state action or class-based animus in order to avail himself of the support and advocacy provisions of §1985(3). We agree that Federer is not required to show class-based animus as part of his support and advocacy claim. In <u>Kush</u>, the Court noted that the second part of §1985(3) "contain[s] no language requiring that the conspirators act with the intent to deprive their victims of the equal protection of the laws." <u>Id</u>. at 725. This absence indicates that a finding of class-based animus is not required. <u>See Griffin</u>, 403 U.S. at 102.

---

[4]Furthermore, Federer's complaint cannot be construed to allege the violation of any other federal rights. The complaint does not allege a violation or interference with the right to vote, or the right of access to the seat of the government, or the right to petition Congress for the redress of grievances.

[5]The so-called "support and advocacy" clause of 1985(3) is the clause which reads as follows:

> or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his <u>support or advocacy</u> in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; <u>or to injure any citizen in person or property on account of such support or advocacy</u>. . . .

<u>Id</u>. (emphasis added).

However, because the substantive federal right that Federer wishes to vindicate is a First Amendment right, state action is required. Gill v. Farm Bureau Life Ins., Co., 906 F.2d 1265 (8th Cir. 1990).  In Gill, we evaluated a claim under the support and advocacy provision of §1985(3). We found that "the essence of [Appellant's] claim is the assertion of a First Amendment type right vindicating advocacy and association." Id. at 1270.  We reasoned that under the support and advocacy clause of §1985(3), "a First Amendment claim [can]not be actionable in the absence of State Action."  Id. at 1270.  The essence of Federer's § 1985(3) support and advocacy complaint is comparable to that of the plaintiff in Gill, and thus, under our circuit's case law,  Federer cannot proceed with his claim without showing state or government action.  Because Federer's complaint is based upon a First Amendment claim, and no state or federal government action is properly alleged, Federer's claim based on the support and advocacy provision of §1985(3) was properly dismissed.

## V. Conclusion

For the reasons stated, we affirm the judgment of the district court.

_____

8