# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2665

———————

Richard Allen Williams,     *
                            *

         Appellant,     *

                            *    Appeal from the United States

     v.                      *    District Court for the

                            *    Eastern District of Missouri.

National Medical Services, Inc.;     *
Kevin Ballard,     *

                            *

         Appellees.     *

———————

Submitted: February 18, 2005
Filed: March 16, 2005

———————

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

    Richard Allen Williams appeals the district court's[1] dismissal of his negligence action against National Medical Services, Inc. ("NMS") and its employee Kevin D. Ballard, M.D., Ph.D. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

While a nurse at the Veterans Hospital in Columbia, Missouri, Williams was the subject of a criminal investigation into the death of several patients. The prosecutor retained NMS and Ballard to test tissue samples from 10 patients in order to determine the cause of death. Relying on Ballard's initial report, the prosecutor charged Williams with 10 counts of murder in the first degree. NMS and Ballard wrote the prosecutor — over a year later, but before trial — that the report was unreliable. Cleared on all charges and released from custody, Williams now sues NMS and Ballard for negligence.

This court reviews de novo a district court's decision to dismiss a cause of action for failure to state a claim. *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004). Williams alleges that NMS and Ballard breached their duty of care by negligently testing and wrongfully concluding the patients were homicide victims. The district court dismissed the complaint for failure to state a claim, because, under Missouri law, NMS and Ballard — as expert witnesses — owed him no duty of care.

In diversity cases applying Missouri law, this court is bound by the decisions of the Supreme Court of Missouri. *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003), *citing* *Cassello v. Allegiant Bank*, 288 F.3d 339, 340 (8th Cir. 2002).

In *Murphy v. A. A. Mathews*, 841 S.W.2d 671 (Mo. banc 1992), the Supreme Court of Missouri permitted a cause of action against a party's own expert witness for negligently performing litigation support services — as an exception to the general rule of witness immunity. The court held that because the expert agreed to provide professional services to a party for a fee, it assumed the duty of care of a skillful professional. *See* *Murphy*, 841 S.W.2d at 682. This decision rested "primarily upon the commercial relationship assumed by the professional and his or her role as an advocate." *Id.*

Williams requests expansion of this exception to permit a cause of action against an expert witness for an adverse party.  Although no Missouri court has decided this precise issue, this court may consider relevant dicta that predict how the Supreme Court of Missouri would rule.  *See **W. Forms, Inc. v. Pickell***, 308 F.3d 930, 933 (8th Cir. 2002)*, quoting **Bass v. Gen. Motors Corp.***, 150 F.3d 842, 846-47 (8th Cir. 1998).  In *Murphy*, the court stated:

> Our holding would not subject adverse expert witnesses to malpractice liability because in that situation, the expert owes no professional duty to the adversary.

*Murphy*, 841 S.W.2d at 682 n.11.

Accordingly, the Supreme Court of Missouri would find that NMS and Ballard owed no duty of care to Williams, an adverse party.  The district court properly dismissed his cause of action.  The judgment is affirmed.

_____