# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2149

_____

Kenyatta Williams-Bey,

          Appellant,

    v.

Gary Kempker,(Dir. Mo. DOC);
Allen Luebbers, (Supt. Potosi
Correctional Center); Pat Smith,
(Associate Supt. of Potosi
Correctional Center); Gregg Dunn,
Cpt.; Dennis Mayberry, Cpt.; Linda
Wilkinson; Sharon Gifford; Joann
Kin; John W. Hooker, CO-I; William S.
Bjork, CO-I; David Barnhouse, CO-I;
Correctional Medical Services;
Augustus E. Hannel, Jr.; Harold
Leventry; Imogene Halbert,

          Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*
\*  [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: June 19, 2006
Filed: June 22, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this action brought under 42 U.S.C. §§ 1983, 1985, and 1986, Missouri inmate Kenyatta Williams-Bey appeals the district court's orders partially dismissing his case and granting summary judgment as to the remainder of the case. In an amended complaint filed through appointed counsel, Williams-Bey sought damages for Eighth Amendment violations, conspiracy, and retaliation. Named as defendants were officials and staff of the Potosi Correctional Center (PCC); Gary Kemper, the Director of the Missouri Department of Corrections (MDOC); Correctional Medical Services (CMS); and CMS Nurse Imogene Halbert. Williams-Bey's claims arose from allegations related to an August 2001 attack on him by another inmate, and from medical care, or the lack thereof, for his back problems and ulcerative colitis.

The district court granted a motion to dismiss filed by Director Kemper and the PCC defendants (collectively, MDOC defendants). The court reasoned that because Williams-Bey had failed to state in what capacity he was suing these defendants, his claims were official-capacity claims, and as he was seeking only monetary damages the claims were barred by the Eleventh Amendment.

This court reviews de novo a dismissal for failure to state a claim. See Federer v. Gephardt, 363 F.3d 754, 757 (8th Cir. 2004). Initially we note that the ineffective-assistance-of-counsel argument that Williams-Bey makes is not a basis for reversal. See Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). We conclude, however, that the district court erred by viewing his complaint as stating only official-capacity claims: his second pro se complaint specified he was suing the MDOC defendants in their official and individual capacities, and he did not name the State of Missouri in any of his complaints. Cf. Larson v. Kempker, 414 F.3d 936, 939-40 & n.3 (8th Cir. 2005) (omission of statement in first amended complaint that defendants were sued in individual capacity was not fatal where original complaint stated that two defendants were sued officially and individually, and no reference was made to State of Missouri). Thus dismissal based on the Eleventh Amendment was unwarranted.

The dismissal of most claims against the MDOC defendants, however, may be affirmed on other grounds. See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (dismissal for failure to state claim may be affirmed on any basis supported by record). First, Williams-Bey did not allege a class-based discriminatory animus as required to state a claim under section 1985(3), see Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981), and a cause of action under section 1986 is dependent upon a valid section 1985 claim, see id. Second, he failed to describe any meeting of the minds to support a viable conspiracy claim under section 1983. See Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000). Finally, he made no allegations at all about the involvement of MDOC defendants Gary Kempker, Gregg Dunn, Allen Luebbers, Pat Smith, Dennis Mayberry, Linda Wilson, Sharon Gifford, Joann King, William Bjork, or David Barnhouse, and his allegations were insufficient to state an Eighth Amendment failure-to-protect claim. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (where complaint did not allege defendant's personal involvement in or direct responsibility for incidents that injured him, his claims were not cognizable under § 1983).

In contrast, Williams-Bey's allegations about the actions of MDOC defendants John Hooker, Augustus Hannel, and Harold Leventry during and immediately after the August 2001 attack did state Eighth Amendment and retaliation claims: he alleged that Hooker sprayed him with mace and threw him against an open drawer and onto the floor, and then at Leventry's direction forced him to lie there while he was severely bleeding and vision-impaired from the mace; that Leventry forced him, despite his obvious injuries, to walk to the infirmary until he collapsed; and that these officers acted in retaliation for Williams-Bey's use of the prison grievance system. See Pool v. Sebastian County, 418 F.3d 934, 942 (8th Cir. 2005) (deliberate indifference may be manifested by prison officials intentionally denying or delaying access to medical care); Federer, 363 F.3d at 757 (dismissal is proper only where no relief could be granted under any set of facts provable under allegations); Wilson v.

Spain, 209 F.3d 713, 715 (8th Cir. 2000) (Eighth Amendment excessive-force claim); Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (retaliation).

As to the grant of summary judgment, see Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004) (standard of review) we agree with the district court that the record failed to establish that Nurse Halbert deliberately ignored Williams-Bey's serious medical needs following the August 2001 attack; and the record contained no evidence of any unconstitutional CMS policy, or that Williams-Bey suffered an injury actionable under section 1983 because of a policy, custom, or action by those representing official CMS policy. See Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (discussing corporate liability under § 1983).

Accordingly, we reverse as to the excessive-force claim, the deliberate-indifference medical claim, and the retaliation claim, against MDOC defendants Hooker, Hannel, and Leventry, and we remand as to these claims against these defendants for further proceedings consistent with this opinion. In all other respects, we affirm.

_____