**CLD-107**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3280
_____

JAMES E. ROSE, JR.,
                                        Appellant

v.

GLENN GUANOWSKY, Esq.,
Counsel for Lehigh Valley Health Network

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-21-cv-00875)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2022
Before:  AMBRO, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Rose, Jr., appeals pro se from an order of the District Court dismissing his complaint with prejudice. Appellee Glenn Guanowsky has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's judgment.

## I.

In his complaint brought pursuant to 42 U.S.C. §§ 1981, 1985, and 1986, Rose alleged that Guanowsky, who is the Deputy General Counsel for the hospital network at which Rose was formerly a patient, discriminated against him on the basis of race and infringed his First Amendment rights.[1] Essentially, Rose claimed that he was entitled to damages and injunctive relief because Guanowsky asked Rose to refrain from contacting the hospital network's senior management. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. Finding that amendment would be futile, the District Court denied leave to amend. Rose appealed.[2]

## II.

---

[1] Rose specifically denied that the complaint was brought pursuant to 42 U.S.C. § 1983.

[2] Rose filed a document in the District Court, taking exception to the court's liberal construction of his complaint as presenting a § 1983 claim.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion, although we review de novo the determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III

We discern no error in the District Court's dismissal of Rose's complaint. First, even if liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Rose's claims are supported only by conclusory allegations that Guanowsky's actions were racially motivated.[3] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, with respect to his 42 U.S.C. § 1981 claim, Rose's allegation that Guanowsky discriminated against him in preventing him from communicating with senior management does not implicate any of the activities enumerated in that statute, such as making and enforcing contracts. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).

---

[3] We note that the District Court acted properly in liberally construing the complaint and testing its claims against what is required to plead a violation of § 1983. However, in the absence of any actionable claim under § 1983, we accept Rose's repeated assertions that he did not proceed under § 1983.

3

As for his claims under §§ 1985 and 1986, statutes that relate to conspiracies to interfere with the civil rights of others, the complaint is devoid of any allegation that Guanowsky conspired with anyone to discriminate against Rose.  Within the supporting documentation is only one passing reference to a conspiracy between Guanowsky and Rose's former physician, which is conclusory and unsupported by any details within the complaint.  See Iqbal, 556 U.S. at 678.  Rose has accordingly failed to "assert facts from which a conspiratorial agreement can be inferred," which is fatal to his § 1985 claim.[4] Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).

Rose's § 1985(3) claim is further insufficient because "an alleged conspiracy to infringe First Amendment rights is not a violation of §1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state."  United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 830 (2004).  We agree with the District Court that Rose has not alleged facts demonstrating that Guanowsky, an attorney for a private hospital network, is a state actor.  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (holding that private individuals sued for actions taken in their roles as attorneys cannot be state actors solely based on their positions as officers of the court).  Contrary to Rose's contentions, a private entity's conduct does not constitute state action by virtue of

---

[4] Because the other two subsections of § 1985 clearly do not apply here, see 42 U.S.C. § 1985(1) (concerning conspiracies to prevent officers from performing their duties); 42 U.S.C. § 1985(2) (concerning conspiracies to obstruct justice or intimidate a party, witness, or juror), the District Court properly analyzed the claim under § 1985(3).

governmental subsidization and regulation alone. See Blum v. Yaretsky, 457 U.S. 991, 1010-11 (1982). Thus, because Rose alleges, at best, an interference with his ability to communicate with other employees of the private hospital network, he fails to suggest that the state was at all involved in any alleged conspiracy or its aims. See Federer v. Gephart, 363 F.3d 754, 758-60 (8th Cir. 2004); Wong v. Stripling, 881 F.2d 200, 203 (5th Cir. 1989).

Because Rose does not state a claim under § 1985, his claim under § 1986, which creates a cause of action against any person who neglects to prevent a conspiracy under § 1985, also fails. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980) (explaining that where a claim under §1985 (3) is insufficient, a dependent § 1986 claim must also fail).

Given that the foregoing defects in the complaint cannot be overcome by repleading, we agree with the District Court that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, Rose's appeal presents no substantial question. We accordingly grant defendant's motion for summary action and will summarily affirm the District Court's judgment.